PortIN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZEO HEALTH LTD., MICAH PORTNEY, TOUCHSTONE LIFE ESSENTIALS, INC., and NORWOOD E. STONE,<br><br>Plaintiffs,<br><br>-against-<br><br>ZOI GLOBAL, LLC, LORI R. LEE, DENISE STEPHENS, METRON NUTRACEUTICALS, LLC, and, NIKOLAOS TSIRIKOS-KARAPANOS,<br><br>Defendants. | Case No. 2:21-cv-11410 (ES)(MF)<br><br><br>**Return Date: September 7, 2021** |

**BRIEF IN SUPPORT OF MOTION TO DISMISS
BY DEFENDANT LORI R. LEE**

Paul S. Danner, Esq.
GOLDBERG SEGALLA LLP
1037 Raymond Blvd., Suite 1010
Newark, New Jersey 07072
Phone: (973) 681-7000
Fax:  (973) 681-7100
*Attorneys for Defendant
Lori R. Lee*

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ............................................................................................... 1

**STATEMENT OF FACTS** ........................................................................................................ 2

    A. The Parties………………………………………………………………………….2

    B. Allegations Concerning Ms. Lee……………………………………………………2

    C. Allegations Related To False Advertising and Defamation…………………3

**ARGUMENT** ............................................................................................................................... 4

    I. STANDARD UNDER RULE 12(b)(6) ............................................................................ 4

    II. MS. LEE DID NOT VIOLATE THE LANHAM ACT OR NEW JERSEY COMMON LAW OR STATUTORY LAW OF UNFAIR COMPETITION ............................................................................................................. 4

    III. MS. LEE DID NOT DEFAME PLAINTIFFS OR ENGAGE IN PRODUCT DISPARAGEMENT ............................................................................................................. 5

**CONCLUSION** ........................................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**

*Albion Eng'g Co v. Hartford Fire Ins. Co.*, 779 F App'x 85 (3d Cir. 2019) .................................. 6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................................ 4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ..................................................................... 4, 5

*Group SEB USA, Inc. v. Euro-Pro Operating, LLC*, 774 F.3d 192 (3d Cir. 2014) ........................ 5

*Malleus v. George*, 641 F. 3d 560 (3d Cir. 2011) .......................................................................... 4

*NY Machinery Inc. v. Korean Cleaners Monthly*, Civ. No. 17-12269, 2018 U.S. Dist. LEXIS 92031, 2018 WL 2455926 (D.N.J. May 31, 2018) ........................................................... 5

*Ragner Tech. Corp. v. Telebrands Corp.*, Civ. No. 15-8185 (ES) (MAH), 2019 US Dist. LEXIS 57245 (D.N.J. Apr. 3, 2019) ............................................................................................. 5

*Zinn v. Seruga*, Civ. No. 05-cv-3572 (WGB), 2006 US Dist LEXIS 51773 (D.N.J. July 28, 2006) ................................................................................................................. 5, 6

**Statutes**

15 U.S.C. § 1125(a)(1)(B) ............................................................................................................. 5

**Rules**

Fed. Rule Civ. P. 12(b)(6) ......................................................................................................... 1, 4

Defendant Lori R. Lee ("Lee") hereby moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss the Amended Complaint filed in this action on June 18, 2021 (the "Complaint" or "Compl.," ECF No. 5) of Plaintiffs ZEO Health Ltd. ("ZEO"), Micah Portney, Touchstone Life Essentials, Inc. ("Touchstone"), and Norwood E. Stone (collectively, "Plaintiffs"), a copy of which is attached to the Declaration of Paul S. Danner, dated August 6, 2021 ("Danner Decl.") as Exhibit A[1].

## PRELIMINARY STATEMENT

The naming of Ms. Lee in this action is baffling considering the utter lack of allegations against her in the Complaint. In fact, while recognizing that it is significant relief, simultaneous to the filing of this motion, Ms. Lee has advised Plaintiffs of her intention to seek Rule 11 sanctions on the expiration of the 21-day safe harbor period for withdrawal of the pleading. In the event the action is not voluntarily withdrawn, the claims against Ms. Lee should be dismissed with prejudice.

The Complaint alleges a series of purportedly false and misleading statements made by defendants ZOI and Metron against their competitors, plaintiffs ZEO and Touchstone. Remarkably, Plaintiffs identify no alleged statements (false or otherwise) made by Ms. Lee. It appears Plaintiffs named Ms. Lee simply because of her association with ZOI as an affiliated distributor.[2] The

---

[1] All references to "Exhibit ___" hereinafter shall be to the exhibits attached to the Danner Decl. unless otherwise identified.

[2] According to the Complaint, Ms. Lee is the only party resident in New Jersey. *See* Exhibit A.

1

first element of the claims for false advertising and defamation is the publication of an advertisement or statement. Yet, Plaintiffs inexplicably make no such allegation(s) against Ms. Lee. In short, the claims against her completely lack merit and must be dismissed.

## STATEMENT OF FACTS

### A.   The Parties

Plaintiff ZEO is a New York corporation that manufactures and sells zeolite supplements, and plaintiff Micah Portney is its president and founder. Compl. ¶¶ 2–4. Plaintiff Touchstone is a North Carolina company that sells nutritional supplements, and plaintiff Norwood Stone is its founder and CEO. *Id.* ¶¶ 5–7.

Defendant ZOI is a New Mexico company that competes with ZEO and Touchstone in the zeolite supplement market, and defendant Denise Stephens is its co-founder and CEO. *Id.* ¶¶ 8, 10. Defendant Metron Nutraceuticals, LLC ("Metron") is an Ohio company that manufactures zeolite products for ZOI, and Defendant Dr. Nikolaos Tsirikos-Karapanos is its owner, founder, president and managing member. *Id.* ¶¶ 11–12.

### B.   Allegations Concerning Ms. Lee

Plaintiffs allege that Ms. Lee is a "health educator" and an "affiliate and advisor" to ZOI. *Id.* ¶¶ 9, 18, 30. She is also the "founder and executive director" of The Wellness Center of Northwest Jersey. *Id.* ¶ 19. Plaintiffs further allege that Ms. Lee "creates content for the ZOI Global website, ZOIglobal.com, is prominently featured on the website, and creates and hosts webinars posted on the website." *Id.* ¶¶ 18, 30. Plaintiffs allege that "[a]ll of the website's pages, including the homepage,

2

feature a link in the upper lefthand corner stating: 'WELCOME FROM: LORI R. LEE, MA, RDN, CPT, CLT FUNCTIONAL REGISTERED DIETITIAN NUTRITIONIST'." *Id*. ¶¶ 18, 30 (all caps in Complaint). Plaintiffs also allege that the contact page of the ZOI website features a photo of Ms. Lee with links to her contact information. *Id*. ¶ 19. Plaintiffs allegedly emailed a copy of the Complaint in this action to Ms. Lee two days after Plaintiffs filed it.

These are all of the allegations contained in the Complaint concerning Ms. Lee.

The allegations regarding Ms. Lee's prominence on the ZOI website are false, as evident by the screenshots of the ZOI website attached to the Danner Decl. as Exhibit B. Ms. Lee's name only appears on the ZOI website when one follows a link to ZOI from Ms. Lee's Wellness Center website or accesses her ZOI distributor website directly at www.zoiglobal.com/well4life. *Id*. at Exhibit. C.

### C. Allegations Related To False Advertising and Defamation

Plaintiffs allege that the ZOI website features a "Compare Us" section prepared by Ms. Stephens that contains false claims about ZEO and Touchstone products. Compl. ¶¶ 38–39, 42–43, 45, 51-52. They further allege that the Compare Us section contains videos in which Dr. Tsirikos-Karapanos makes false claims about ZEO and Touchstone products. *Id*. ¶¶ 40-41, 46–50. Plaintiffs allege that after they filed the Complaint, Metron and Dr. Tsirikos-Karapanos wrote to the FDA making false claims about ZEO products, and posted additional videos to the ZOI website. *Id*. ¶¶ 55–57.

3

Once again, the Complaint contains no allegations linking Ms. Lee to any of these allegedly false statements, publications, or videos.  *See* Exhibit A.

## ARGUMENT

### I.  STANDARD UNDER RULE 12(b)(6)

A complaint will survive dismissal only if its well-pled facts "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To satisfy this standard, the Complaint must contain enough "factual content … to draw the reasonable inference that [D]efendant[s are] liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(citation omitted). Allegations that raise only the "mere possibility of misconduct," or tender "naked assertion[s]" devoid of "further factual enhancement," fall short. *Id*. at 678–79 (citations omitted). A complaint that pleads facts "'merely consistent with' a defendant's liability, [] 'stops short of the line between possibility and plausibility of 'entitlement of relief.'" *Id*.

Although courts give deference to complaint allegations on a motion to dismiss pursuant to Fed. Rule Civ. P. 12(b)(6), the Court need not accept legal conclusions or labels. *Malleus v. George*, 641 F. 3d 560, 563 (3d Cir. 2011); *Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions.").

### II.  MS. LEE DID NOT VIOLATE THE LANHAM ACT OR NEW JERSEY COMMON LAW OR STATUTORY LAW OF UNFAIR COMPETITION

To state a claim for false advertising under the Lanham Act, a plaintiff must allege:

> **1)** . . . the defendant has made false or misleading statements as to his own product [or another's]; 2) . . . there is actual deception or at least a tendency to deceive a substantial portion of the intended audience; 3) . . . the deception is material in that it is likely to influence purchasing decisions; 4) . . . the advertised goods traveled in interstate commerce; and 5) . . . there is a likelihood of injury to the plaintiff in terms of declining sales, loss of good will, etc.

15 U.S.C. § 1125(a)(1)(B); *Group SEB USA, Inc. v. Euro-Pro Operating, LLC*, 774 F.3d 192, 198 (3d Cir. 2014).

The same factors apply to New Jersey statutory and common-law unfair competition claims. *Ragner Tech. Corp. v. Telebrands Corp.*, Civ. No. 15-8185 (ES) (MAH), 2019 US Dist. LEXIS 57245, at *14-15 (D.N.J. Apr. 3, 2019) (applying Lanham Act analysis to common law and statutory unfair competition claims); *NY Machinery Inc. v. Korean Cleaners Monthly*, Civ. No. 17-12269, 2018 U.S. Dist. LEXIS 92031, 2018 WL 2455926, at *4 (D.N.J. May 31, 2018) (same).

The Complaint does not allege that Ms. Lee made any statement regarding Plaintiffs or their products. As described above in the Statement of Facts, Plaintiffs allege that each of the other Defendants made purportedly false claims about Plaintiffs and their products. Plaintiffs merely allege Ms. Lee appears on ZOI's website, without tying her in any way to the alleged actionable statements. These allegations do not satisfy the standards of Rule 8 and *Twombly*. And, they certainly do not "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### III.   MS. LEE DID NOT DEFAME PLAINTIFFS OR ENGAGE IN PRODUCT DISPARAGEMENT

"The elements of product disparagement are: 1) publication, 2) with malice, 3) of false allegations concerning the product, business, or property, and 4) special

damages." *Zinn v. Seruga*, Civ. No. 05-cv-3572 (WGB), 2006 US Dist LEXIS 51773, at *33-34 (D.N.J. July 28, 2006). The elements of defamation under New Jersey law are: "(1) assertion of a false and defamatory statement concerning another; (2) the unprivileged publication of that statement to a third party; and (3) fault amounting at least to negligence by the publisher." *Albion Eng'g Co v. Hartford Fire Ins. Co.*, 779 F App'x 85, 88 (3d Cir. 2019).

Plaintiffs simply do not allege that there was any publication or making of a statement about Plaintiffs by Ms. Lee. As with the false advertising and unfair competition claims, the failure to allege this threshold element of both claims requires dismissal of the Complaint.

## CONCLUSION

Based on the foregoing, Ms. Lee respectfully requests the claims asserted against her in the Complaint be dismissed with prejudice.

Dated:  Newark, New Jersey
        August 6, 2021

                                By:  /s/ Paul S. Danner
                                      Paul S. Danner
                                      GOLDBERG SEGALLA LLP
                                      1037 Raymond Blvd., Suite 1010
                                      Newark, New Jersey 07072
                                      Phone:  (973) 681-7000
                                      Fax:  (973) 681-7101
                                      *Attorneys for Defendant*
                                      *Lori R. Lee*