THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ZEO HEALTH LTD., | § | |
| MICAH PORTNEY, | § | |
| TOUCHSTONE LIFE ESSENTIALS, INC., | § | |
| and NORWOOD E. STONE, | § | Case No. 2:21-cv-11410 (ES) (MF) |
| | § | |
| Plaintiffs, | § | JURY TRIAL DEMANDED |
| | § | |
| vs. | § | |
| | § | |
| ZOI GLOBAL, LLC, | § | |
| LORI R. LEE, DENISE STEPHENS, | § | |
| METRON NUTRACEUTICALS, LLC, and | § | |
| NIKOLAOS TSIRIKOS-KARAPANOS, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS DEFENDANT LORI R. LEE**

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................................................................i

TABLE OF AUTHORITIES.....................................................................................................ii

I. PRELIMINARY STATEMENT ...................................................................................... 1

II. LEGAL STANDARD....................................................................................................... 1

III. ARGUMENT .................................................................................................................... 2

IV. CONCLUSION ................................................................................................................. 5

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................. 1, 2

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .......................................................... 1, 2

*Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929 (3d Cir. 1984) ............................................... 5

*Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) ....................................................... 1

*Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017) ................................................................. 5

*Phillips v. Cty. of Allegheny*, 515 F.3d 224 (3d Cir. 2008) .................................................. 1, 2

*Rios v. City of Perth Amboy, New Jersey*, No. 19-19336, 2020 WL 4382277
    (D.N.J. July 31, 2020) ............................................................................................................. 1

**Rules**

Fed. R. Civ. P. 8(a)(2) ................................................................................................................. 1

**I.      PRELIMINARY STATEMENT**

Plaintiffs Zeo Health Ltd., Micah Portney, Touchstone Life Essentials, Inc., and Norwood E. Stone (collectively, "Plaintiffs") respectfully submit this Opposition to Defendant Lori R. Lee ("Ms. Lee")'s Brief in Support of Motion to Dismiss ("Motion to Dismiss," Dkt. #10-1) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiffs' Amended Complaint (Dkt. #5) fully satisfies Rule 8's notice pleading requirements.  Ms. Lee has failed to meet her burden of establishing that, accepting all allegations as true and construing the complaint in the light most favorable to Plaintiffs, Plaintiffs' allegations are deficient as to any of the challenged claims. Accordingly, Plaintiffs request that the Court deny Ms. Lee's motion in full.

**II.     LEGAL STANDARD**

Under the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Rule 8 does not require "detailed factual allegations," but rather more than merely "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009); *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008); *Rios v. City of Perth Amboy, New Jersey*, No. 19-19336, 2020 WL 4382277, at *2 (D.N.J. July 31, 2020).  At the pleading stage, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff[s], and determine whether, under any reasonable reading of the complaint, the plaintiff[s] may be entitled to relief." *Phillips*, 515 F.3d at 231.

To survive a motion to dismiss, the complaint need only state sufficient facts, accepted as true, to "state a claim to relief that is plausible on its face" after striking any legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–679 (2009).  The plausibility requirement "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable

1

expectation that discovery will reveal evidence" to support the allegations. *Twombly*, 550 U.S. at 556; *see also Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016); *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) ("[O]n a Rule 12(b)(6) motion . . . a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits."). In the present case, the reasonable expectation that discovery will reveal evidence "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### III. ARGUMENT

Plaintiffs' Amended Complaint states sufficient facts, which if accepted as true, state a plausible claim that Ms. Lee is jointly and severally liable for Defendants' unlawful acts. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556. Contrary to Ms. Lee's assertion that "the Complaint contains no allegations linking Ms. Lee to any of these allegedly false statements, publications, or videos" (Motion to Dismiss, at 4), Ms. Lee is included, along with the other Defendants, in the allegations comprising each of Plaintiffs' causes of action. Dkt. #5, ¶¶ 58-113. In their 43-page Amended Complaint, Plaintiffs make numerous allegations detailing Ms. Lee's acts sufficient to create an inference of culpability. For example, Plaintiffs allege that Ms. Lee is an affiliate and advisor to Zoi Global, LLC ("Zoi Global") who operates and creates content for Zoi Global's website and social media and is prominently featured on the zoiglobal.com website. Dkt. #5, ¶¶ 18, 30, 37. Plaintiffs allege throughout their complaint that Defendants' false, misleading, and defamatory statements appear on Zoi Global's website, in the form of written statements, images, and videos. *See, e.g.*, *id.* ¶¶ 37-55. Plaintiffs allege that Ms. Lee, along with the other Defendants, have attempted to gain a commercial advantage and benefit from their false, misleading, and defamatory statements. *See, e.g.*, *id.* ¶ 112. Plaintiffs further allege that Ms. Lee

2

directs her Wellness Center of Northwest Jersey customers to Zoi Global's website and social media and to the false, misleading, and defamatory statements contained therein. *Id.* ¶¶ 19, 30; Declaration of Anya Engel (Aug. 20, 2021) ("Decl.") at ¶ 4, Ex. A.

Additionally, Plaintiffs allege that all of the website's pages, including the homepage, feature a link in the upper left hand corner stating: "WELCOME FROM: LORI R. LEE, MA, RDN, CPT, CLT FUNCTIONAL REGISTERED DIETITIAN NUTRITIONIST." *Id.* ¶¶ 18, 30; Ex. A. Plaintiffs further allege that the "CONTACT" tab on the Zoi Global website leads to a web page featuring a photograph of Ms. Lee, along with links to Ms. Lee's contact information in New Jersey, and that no contact information for any other individual or entity is given. *Id.* ¶¶ 19, 30; Ex. A. Defendants hold out Ms. Lee as the face of Zoi Global and as the *only* person customers and visitors to the website may contact, and it is thus plausible to infer that she has a significant role in the company's direction, activities, and statements. Decl. at ¶¶ 4, 6, Ex. A; Ex. B.

Ms. Lee's attempts to paint herself as a non-actor in this dispute are also unavailing for the reasons set forth in paragraphs 54-57 of the Amended Complaint. After Plaintiffs filed this lawsuit on May 18, 2021, they emailed Ms. Lee a copy of the complaint on May 20, 2021, to give her notice of the lawsuit. Dkt. #5, ¶ 54. Plaintiffs did not contact any other Defendant. A mere four days after Plaintiffs provided this notice, Defendants Metron Nutraceuticals, LLC and Dr. Nikolaos Tsirikos-Karapanos wrote a retaliatory letter to the FDA regarding Plaintiffs Zeo Health and Micah Portney that contained false and misleading claims about Plaintiffs. *Id.* ¶¶ 54-55. Three days later, on May 27, Defendants posted on their website and social media new videos targeting each of the Plaintiffs and making additional false, misleading, and defamatory statements about Plaintiffs and their products. *Id.* ¶¶ 56-57. The plausible inference to be drawn from these facts is that Ms. Lee is, and has been at all relevant times, acting in concert with the Defendants to make

3

harmful and false statements about Plaintiffs with the intention of damaging Plaintiffs and obtaining a commercial advantage.

For these reasons, it is plausible to infer that Defendants have attempted to obfuscate their relationships, roles, and responsibilities and that only discovery will turn up this information. These inferences are bolstered by the fact that Plaintiffs' multiple attempts to serve Zoi Global, through its registered agent, and Zoi Global's CEO Denise Stephens, have been unsuccessful and that a process server has not been able to locate them. Decl. at ¶ 7. Zoi Global and its CEO's complete absence in this litigation thus far provides even stronger grounds for Ms. Lee to be included.

Finally, the Court should reject Ms. Lee's assertion that "the allegations regarding Ms. Lee's prominence on the ZOI website are false," because "Ms. Lee's name only appears on the ZOI website when one follows a link to ZOI from Ms. Lee's Wellness Center website or accesses her ZOI distributor website directly at www.zoiglobal.com/well4life." Motion to Dismiss, at 3. As evidenced by screenshots taken of the Zoi Global website—after the website was accessed by typing in "www.zoiglobal.com"— all of the website's pages, including the homepage and pages containing misleading, disparaging, and defamatory content, feature a link in the upper left hand corner stating: "WELCOME FROM: LORI R. LEE, MA, RDN, CPT, CLT FUNCTIONAL REGISTERED DIETITIAN NUTRITIONIST." *Id.* ¶¶ 18, 30; Ex. A; Decl. at ¶¶ 4-5. The "CONTACT" tab on the Zoi Global website leads to a web page featuring a photograph of Ms. Lee, along with links to Ms. Lee's contact information in New Jersey, and provides no contact information for any other individual or entity. *Id.* ¶¶ 19, 30; Ex. A. Moreover, even accepting Ms. Lee's claim that her name "only appears on the ZOI website when one follows a link to ZOI from Ms. Lee's Wellness Center website or accesses her ZOI distributor website directly at

4

www.zoiglobal.com/well4life," such facts *support* Plaintiffs' allegation that Ms. Lee has direction and control over the content that appears on the Zoi Global website and that she is not some passive, peripheral party to this dispute.

## IV. CONCLUSION

It is apparent that Plaintiffs have fully satisfied their Rule 8 requirements at this early stage of the litigation and that they should be afforded the opportunity to conduct discovery into all causes of action set forth in their Amended Complaint. Ms. Lee's attempts to mischaracterize Plaintiffs' allegations and to impose an impermissibly heightened pleading standard should be rejected. Further, as the merits of Plaintiffs' claims against Ms. Lee have been detailed in this brief, Ms. Lee and her counsel's Rule 11 allegations and threats are wholly frivolous.

Accordingly, Plaintiffs respectfully request that the Court deny Ms. Lee's motion to dismiss in its entirety. If the Court should grant Ms. Lee's motion, Plaintiffs ask that the Court dismiss the claims without prejudice and allow Plaintiffs to further amend their complaint. *See Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3d Cir. 1984) (stating that a "general presumption" favors allowing a party to amend its pleadings); *see also Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017) (explaining that granting leave to amend promotes the Federal Rules' policy "favoring resolution of cases on their merits" rather than on the basis of technicalities).

Dated: August 20, 2021          Respectfully submitted,

         s/ Dariush Keyhani
         Dariush Keyhani
         Keyhani LLC
         1050 30th Street NW
         Washington, DC 20007
         Telephone: (202) 748-8950
         Fax: (202) 318-8958
         dkeyhani@keyhanillc.com
         *Attorneys for Plaintiff*