# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

ZEO Health Ltd.; Micah Portney; Touchstone Life Essentials, Inc.; and Norwood E. Stone,

            Plaintiffs,

v.

ZOI Global, LLC; Lori R. Lee; Denise Stephens; Metron Nutraceuticals, LLC; and Nikolaos Tsirikos-Karapanos,

            Defendants.

Case No.: 2:21-cv-11410 (ES)(MF)

**BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' CLAIMS AGAINST METRON NUTRACEUTICALS, LLC AND NIKOLAOS TSIRIKOS-KARAPANOS FOR LACK OF PERSONAL JURISDICTION**

Return Date:  September 20, 2021

***ORAL ARGUMENT REQUESTED***

Colin Hackett
LEWIS BRISBOIS BISGAARD & SMITH
One Riverfront Plaza, Suite 800
Newark, NJ 07102
Tel. 973.577.6260
Colin.Hackett@lewisbrisbois.com
*Counsel for Defendants, Metron Nutraceuticals, LLC and Nikolaos Tsirikos-Karapanos*

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

**PRELIMINARY STATEMENT** ........................................................................1

**STATEMENT OF FACTS** ..............................................................................2

      **I.**     <u>Metron and Its Relationship with ZOI Global</u> ........................2

      **II.**    <u>Plaintiffs' Allegations Against Metron and Dr. Tsirikos-Karapanos</u> .....3

**LAW & ARGUMENT** ....................................................................................7

      **I.**     <u>Jurisdictional Standards and Burden of Proof</u> ........................7

      **II.**    <u>Metron and Dr. Tsiriskos-Karapanos are Not Subject to Personal Jurisdiction in New Jersey</u> ........................................8

            **A.**    **No General Jurisdiction Exists** ....................................10

            **B.**    **No Specific Jurisdiction Exists** ....................................14

      **CONCLUSION** ....................................................................18

**<u>TABLE OF AUTHORITIES</u>**

**Page(s)**

**Cases**

*American Tel. & Tel. Co. v. MCI Communications Corp.*,
  736 F. Supp. 1294, 1990 U.S. Dist. LEXIS 5733 (D. N.J. 1990)..........................................7,9

*Asahi Metal Industry Co. v. Superior Court of California, Solano County*,
  480 U.S. 102, 94 L. Ed. 2d 92, 107 S. Ct. 1026 (1987)...........................................................12

*Bank v. Sunday Journal USA Corp.*,
  2018 U.S. Dist. LEXIS 212942 (E.D. Pa. Dec. 17, 2018)......................................................16

*Barrett v. Catacombs Press*, 44 F. Supp. 2d 717 (E.D. Pa. 1999).................................................17

*Bogle v. JD Techs., Inc.*,
  2021 U.S. Dist. LEXIS 147558, 2021 WL 3472151 (W.D. Pa. Aug. 6, 2021)......................11

*Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017)...........................................8

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)..........................................................8,9,14

*Chant Eng'g Co. v. Cumberland Sales Co.*,
  2021 U.S. Dist. LEXIS 41444 (E.D. Pa. March 5, 2021).......................................................16

*Charles Gendler & Co. v. Telecom Equip. Corp.*, 102 N.J. 460, 508 A.2d 1127 (1986)...............9

*D'Jamoos v. Pilatus Aircraft Ltd.*, 556 F.3d 94 (3rd Cir. 2009).....................................................7

*DeJames v. Magnificence Carriers*, 654 F.2d 280 (3rd Cir.) .........................................................9

*Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166 (D.N.J. 2016)..............................................7

*Eason v. Linden Avionics, Inc.*, 706 F. Supp. 311 (D.N.J. 1989) ...................................................8

*Fatouros v. Lambrakis*, 627 F. App'x 84 (3d Cir. 2015)...............................................................16

*Helicopteros Nacionales de Columbia, S.A. v. Hall*,
  466 U.S. 408, 80 L. Ed. 2d 404, 104 S. Ct. 1868 (1984).....................................................8,11

*HV Assocs. V. PNC Bank, N.A.*, 2019 U.S. Dist. LEXIS 68705 (D.N.J. April 18, 2019) ............13

*IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254 (3rd Cir. 1998).........................................7,8,14,18

*Klausmair Constr., LLC v. Gladden Farm, LLC*,
  2018 U.S. Dist. LEXIS 130495 (E.D. Pa. Aug. 3, 2018)...................................................15,17

*Kurek v.Ohio Dep't of Dev. Disabilities*,
  No. 3:16CV623, 2017 U.S. Dist. LEXIS 65473 (N.D. Ohio Jan. 20, 2017) ..........................10

*Les Giblin LLC v. La Marque*, 2021 U.S. Dist. LEXIS 95318 (D.N.J. May 17, 2021).......14,15,18

*Malik v. Cabot Oil & Gas Corp.*, 710 Fed. Appx. 561 (3rd Cir. 2017)........................................10

*Moroccanoil, Inc. v. Conforti*, 2012 U.S. Dist. LEXIS 76351 (D. N.J. June 1, 2012) ...................1

*North Penn Gas Co. v. Corning Natural Gas Corp.*, 897 F.2d 687 (3rd Cir. 1990) .....................8

*Ontel Products Corp. v. Mindscope Products*, 20 F. Supp. 3d 555 (D.N.J. 2016).........................8

*Patterson by Patterson v. FBI*, 893 F.2d 595 (3rd Cir. 1990) ........................................................7

*Provident Nat'l Bank v. Cal. Fed. Savings & Loan Ass'n*, 819 F.2d 434 (3rd Cir. 1987) .............8

*Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas*,
  675 F.2d 587 (3d Cir. 1982)........................................................................................................15

*Remick v. Manfredy*, 238 F.3d 248 (3rd Cir. 2001) ......................................................................17

*Rocke v. Pebble Beach Co.*,
  541 Fed. Appx. 208, 2013 U.S. App. LEXIS 20633 (3rd Cir. 2013) ......................................15

*Stranahan Gear Co., Inc. v. NL Industries, Inc.*, 800 F.2d 53 (3rd Cir. 1986).............................11

*Telcordia Tech. Inc. v. Telko m SA Ltd.*, 458 F. 3d 172 (3rd Cir. 2006) ......................................8

*Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F. 3d 446 (3rd Cir. 2003) .......................................15,16

*Triestman v. Tuerkheimer*, 2018 U.S. Dist. LEXIS 89936 (D.N.J. May 11, 2018).....................12

*Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co.*,
  75 F.3d 147 (3d Cir. 1996)............................................................................................................7

*Wellness Publ'g v. Barefoot*,
  128 Fed. Appx. 266, 2005 U.S. App. LEXIS 6487 (3rd Cir. 2005) ........................................14

*Western Union Telegraph v. T.S.I.*, 545 F. Supp. 329 (D.N.J. 1982) .............................................8

*Zippo Manufacturing Company v. Zippo Dot Com, Incorporated*,
  952 F. Supp. 1119 (W.D. Pa. 1997)............................................................................................16

**Statutes**

Lanham Act § 34(A) (15 U.S.C. § 1125(a)) ...................................................................... 4

**Other Authorities**

Fed. R. Civ. P. 4(e) ............................................................................................................8

Fed. R. Civ. P 12(b)(2)..................................................................................................1, 2,19

N.J. Court Rule 4:4-4 .........................................................................................................9

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, Defendants Metron Nutraceuticals, LLC ("**Metron**") and Dr. Nikolaos Tsirikos-Karapanos (collectively, "**These Defendants**") move this Court to dismiss the claims against These Defendants asserted in the Amended Complaint [ECF No. 5] (the "**Amended Complaint**") filed by Plaintiffs ZEO Health Ltd. ("**ZEO**"); Micah Portney; Touchstone Life Essentials, Inc. ("**Touchstone**"); and Norwood E. Stone (collectively, "**Plaintiffs**").

## PRELIMINARY STATEMENT

Plaintiffs have no basis for suing These Defendants in New Jersey.  Plaintiffs do not reside in New Jersey.  These Defendants do not reside in New Jersey.  Of the nine parties in this suit, Lori R. Lee is the only party purportedly from New Jersey, and Ms. Lee has filed a motion to dismiss that explains the "utter lack of allegations" against her in the Amended Complaint.[1]

The only connection Plaintiffs allege exists between These Defendants and New Jersey is that These Defendants made statements, which another entity posted online, and those statements are accessible by people in New Jersey.  Without any factual support whatsoever, the Amended Complaint alleges that These Defendants had "continuous and systematic contacts and business activities within the state of New Jersey…"[2]  Aside from this false, conclusory allegation, the Amended Complaint fails to set forth sufficient factual basis for this Court to constitutionally exercise personal jurisdiction over These Defendants.

Plaintiffs' claims are based upon allegedly false and defamatory statements that appear on websites, none of which are owned or operated by These Defendants.  Nothing in the Amended Complaint suggests that These Defendants' statements were directly targeted to New Jersey or that These Defendants had "minimum contacts" with New Jersey or otherwise

---

[1] Brief in Support of Motion to Dismiss by Lori E. Lee, E [ECF No. 10-1, PageID: 145].
[2] Amended Complaint, ¶ 20.

"purposefully availed" themselves to jurisdiction in New Jersey.  Because these Defendants are not "at home" in New Jersey and never purposefully availed themselves to personal jurisdiction in New Jersey, exercising personal jurisdiction over These Defendants, in this case, would violate their constitutional rights.

Accordingly, this Court should dismiss Plaintiffs' claims against These Defendants as asserted in Plaintiffs' Amended Complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

## STATEMENT OF FACTS

I.   <u>Metron and Its Relationship with ZOI Global</u>

Metron is an FDA Registered company in the business of research, development, and production of dietary supplements.[3]  Metron's single facility is located in Cleveland, Ohio.[4] Metron has no operations in New Jersey (or any state other than Ohio), is not registered to conduct business in New Jersey (or any state other than Ohio), and does not have any offices or facilities in New Jersey (or any state other than Ohio).[5]

Dr. Tsirikos-Karapanos is the President and owner of Metron, and resides at his sole residence in Cleveland, Ohio.[6]  Dr. Tsirikos-Karapanos does not reside in any other state, and has never resided in New Jersey.[7]

Dr. Tsirikos-Karapanos is the sole inventor of the technology patented with the following three US Patents:[8]

(1)   No. 9,629,874 entitled, "Production of Water-Soluble Hydrolyzed Clinoptilolite Fragments and Nutraceutical Products Based on

---

[3] Declaration of Dr. Tsirikos-Karapanos, attached as **Exhibit A**, ¶ 4.
[4] Declaration of Dr. Tsirikos-Karapanos, ¶ 5.
[5] Declaration of Dr. Tsirikos-Karapanos, ¶ 6.
[6] Declaration of Dr. Tsirikos-Karapanos, ¶ 7
[7] Declaration of Dr. Tsirikos-Karapanos, ¶ 8.
[8] Declaration of Dr. Tsirikos-Karapanos, ¶ 9.

Water-Soluble Hydrolyzed Clinoptilolite Fragments," issued by the United States Patent and Trademark Office ("***USPTO***") on April 25, 2017.

(2) No. 10,206,948 entitled, "Production of Water-Soluble Clinoptilolite Fragments," issued by the USPTO on February 19, 2019.

(3) No. 10,828,324 entitled, "Production of Water-Soluble Hydrolyzed Clinoptilolite Fragments," issued by the USPTO on November 10, 2020.[9]

Dr. Nikolaos Tsirikos-Karapanos invented the technology to create a water solution of water-soluble zeolite clinoptilolite fragments, known as Hydrolyzed Clinoptilolite Fragments, which is used for the production of dietary supplements and also has the potential to remove toxins from the human body.[10]

Clinoptilolite is a type of "zeolite," which is a category of mineral with the unique ability to attract and retain heavy metals and other toxins[11].

Using its proprietary and triple-patented process, Metron manufacturers a concentrate solution of Hydrolyzed Clinoptilolite Fragments ("***HCF Concentrate***"), which is then used in the production of nutraceutical products.[12]

ClearDrops is the commercial name of a consumer product made with the use of Metron's HCF Concentrate.[13]  Metron does not manufacture the final product of ClearDrops or distribute bottles of ClearDrops product directly to consumers.[14]  Metron ships the HCF Concentrate to third party manufacturing organizations, referred to as "CMOs," with instructions on how to use the HCF Concentrate to manufacture ClearDrops.[15]

ZOI Global, LLC ("***ZOI***") is Metron's exclusive distributor of ClearDrops.  ZOI purchases bottles of ClearDrops from Metron and then ZOI sells and distributes ClearDrops directly to consumers.[16]

---

[9] Declaration of Dr. Tsirikos-Karapanos, ¶ 10.
[10] Declaration of Dr. Tsirikos-Karapanos, ¶ 10.

Metron has never sold ClearDrops directly to consumers or any other person or entity.[17] Metron has never created and does not operate any websites that sell, market, or promote ClearDrops.[18] Metron does not have a YouTube channel.[19] Dr. Tsirikos-Karapnos does not have a YouTube channel.[20] Metron does not operate or control ZOI's website: zoiglobal.com.[21] Metron does not operate or control The Wellness Center of New Jersey's website: www.thewellnesscenternwj.com.[22]

Metron and ZOI and separate companies. Metron and Dr. Tsirikos-Karapanos have no ownership interest in ZOI.[23] Dr. Tsirikos-Karapanos is not an employee, officer, or agent of ZOI.[24]

## II.   Plaintiffs' Allegations Against Metron and Dr. Tsirikos-Karapanos

According to the Amended Complaint, this action is for "false and misleading advertising under the Lanham Act § 34(A)(15 U.S.C. § 1125(a)) and for defamation, product disparagement, and unfair competition in violation of New Jersey law."[11] Plaintiffs bring seven causes of action (one federal claim and six state law claims): (1) False Advertising under the Lanham Act, (2) defamation of ZEO, (3) defamation of Micah Portney, (4) defamation of Touchstone, (5) defamation of Eddie Stone, (6) product disparagement, and (7) unfair competition.

### A.   Internet Content in Question

Plaintiffs' claims are based upon Internet content published on certain websites and/or social media accounts—none of which These Defendants own or operate. When identifying these websites, Plaintiffs lump together all Defendants alleging, "***Defendants*** operate, appear in, and create content for ***their*** websites, Zoi Global (zoiglobal.com) and The Wellness Center of New Jersey (www.thewellnesscenternwj.com)."[12]

---

[11] Amended Complaint, ¶ 1.
[12] Amended Complaint, ¶ 37 (emphasis added).

Plaintiffs identify the following content as the basis for their claims:

- Tables and statements contained on ZOI's website's "Compare Us" section that compares ClearDrops to Zeolite Pure.[13]

- A 29-minutes video featuring Dr. Tsirikos-Karapanos on ZOI's website's "Compare Us" section.[14]

- Images on ZOI's Facebook page comparing ClearDrops and Zeolite Pure.[15]

- Links to three documents on ZOI's website: (1) November 1, 2004 letter from the FDA to Micah Portney; (2) 2015-2016 Biennial Report from the California Department of Justice, which included information about *People v. Zeo Health, Ltd*.; and (3) April 20, 2020 Warning Letter from the United State Federal Trade Commission to Barry Cohen regarding unsubstantiated claims for Coronavirus treatment or prevention.[16]

- A video featuring Dr. Tsirikos-Karapanos titled "2021-05-25 – A TRUE AWAKENING – ZEO HEALTH ZEOLITE PURE" on ZOI's YouTube channel and ZOI's website.[17]

- Tables and statements contained on ZOI's website's "Compare Us" section that compares ClearDrops to Touchstone Pure Body Extra Strength.[18]

- Images on ZOI's Facebook page comparing ClearDrops and Touchstone Pure Body Extra Strength.[19]

- A 76-minute video featuring Dr. Tsirikos-Karapanos on ZOI's YouTube channel entitled "ZOI Global Response to ZOI ClearDrops v. Touchstone PBX Comparison."[20]

- May 24, 2021 Letter to the FDA from Dr. Tsirikos-Karapnos regarding Zeo Health and Mr. Stone.[21]

- A video featuring Dr. Tsirikos-Karapanos titled "2021-05-25 – A TRUE AWAKENING – TOUCHSTONE PURE BODY EXTRA (PBX) STRENGTH" on ZOI's YouTube channel and ZOI's website.[22]

---

[13] Amended Complaint, ¶ 38.
[14] Amended Complaint, ¶ 40.
[15] Amended Complaint, ¶ 39.
[16] Amended Complaint, ¶ 42.
[17] Amended Complaint, ¶ 56.
[18] Amended Complaint, ¶¶ 45, 51.
[19] Amended Complaint, ¶ 45.
[20] Amended Complaint, ¶ 46.
[21] Amended Complaint, ¶ 55

As to the videos featuring Dr. Tsirikos-Karapanos, Dr. Tsirikos-Karapanos was physically in Cleveland, Ohio during these recorded conversations that ZOI posted as videos on its website.[23]  Dr. Tsirikos-Karapanos's statements in these videos were not directed to New Jersey or any other specific geographic area or audience.[24]

### B.  Allegations Regarding Personal Jurisdiction

Plaintiffs allege, "this Court has personal jurisdiction over Defendants because of Defendants' continuous and systematic contacts and business activities within the state of New Jersey and within this District."[25]  The only "contacts" identified in the Amended Complaint, are:

- Defendants sell ClearDrops "via ZOI's website and through distributors."[26]

- Defendants advertise their products in this District through ZOI's website and social media, "including videos featuring Ms. Stephens, Dr. Tsirikos-Karapnos, and Metron."[27]

- Defendants' false and misleading advertisements and "defamatory statements" were "targeted to—and have been viewed by—customers and/or potential customers in this District."[28]

Plaintiffs do not allege that Metron posted any of the allegedly defamatory content. Plaintiffs allege merely that Metron is "mentioned" by ZOI and that videos of Dr. Tsirikos-Karapanos appear on ZOI's webpages.

---

[22] Amended Complaint, ¶ 56.
[23] Declaration of Dr. Tsirikos-Karapanos, ¶ 25.
[24] Declaration of Dr. Tsirikos-Karapanos, ¶ 26.
[25] Amended Complaint, ¶ 20.
[26] Amended Complaint, ¶ 17
[27] Amended Complaint, ¶ 17.
[28] Amended Complaint, ¶ 17.

## LAW & ARGUMENT

### I.    Jurisdictional Standards and Burden of Proof

For a court to properly exercise personal jurisdiction, the plaintiff must satisfy a two-part test.  *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3rd Cir. 1998); *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co.*, 75 F.3d 147, 150-51 (3rd Cir. 1996).  First, the plaintiff must demonstrate that the defendant has sufficient minimum contacts with the forum state.  *Id*.  Second, if minimum contacts are established, jurisdiction may be found when the court determines, in its discretion, that to do so would comport with "traditional notions of fair play and substantial justice." *Id*.

Because Metron and Dr. Tsirikos-Karapanos have contested personal jurisdiction, Plaintiffs bear the burden of establishing jurisdiction over These Defendants by a preponderance of the evidence.  *D'Jamoos v. Pilatus Aircraft Ltd.*, 556 F.3d 94, 102 (3rd Cir. 2009).  Where a plaintiff's allegations are challenged by affidavits or other evidence, the plaintiff must respond with actual proof and not mere allegations.  *Patterson by Patterson v. FBI*, 893 F.2d 595, 604 (3rd Cir. 1990) (citation omitted); *e.g. American Tel. & Tel. Co. v. MCI Communications Corp.*, 736 F. Supp. 1294, 1301-1302, 1990 U.S. Dist. LEXIS 5733, *22 (D. N.J. 1990) (the plaintiff must sustain its burden of proof through sworn affidavits or other competent evidence).

When the Court elects not to hold an evidentiary hearing, the plaintiff has the burden of showing sufficient contacts with New Jersey to establish a prima facie case of either specific jurisdiction.  *Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 172 (D.N.J. 2016).  Once the plaintiff makes that showing, the burden shifts to the defendant to establish the presence of other considerations that would render the exercise of personal jurisdiction unreasonable, *i.e.*, the

maintenance of the suit does not offend traditional notions of fair plan and substantial justice.

*Ontel Products Corp. v. Mindscope Products*, 20 F. Supp. 3d 555, 559 (D.N.J. 2016).

## II.   Metron and Dr. Tsirikos-Karapanos are Not Subject to Personal Jurisdiction in New Jersey.

There are two kinds of personal jurisdiction: specific and general. *Bristol-Myers Squibb Co. v. Superior Court,* 137 S. Ct. 1773, 1780 (2017). General jurisdiction exposes the defendant to jurisdiction for any and all claims; specific jurisdiction arises from acts that give rise to the particular claim asserted. The degree of contact necessary to establish personal jurisdiction depends on the type of jurisdiction asserted. *Telcordia Tech. Inc. v. Telko m SA Ltd.,* 458 F. 3d 172, 177 (3rd Cir. 2006).

General jurisdiction requires a showing that the defendant has "continuous and systematic contact" with New Jersey. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414, 416, 80 L. Ed. 2d 404, 104 S. Ct. 1868 (1984).

Specific jurisdiction exists when the claim is related to or arises out of the defendant's forum-related activities such that the defendant should reasonably anticipate being haled into court there. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 85 L. Ed. 2d 528, 105 S. Ct. 2174 (1985); *Imo Industries, Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3rd Cir. 1998).

A federal court has jurisdiction over a non-resident defendant to the extent authorized by the law of the state in which that court sits. Fed. R. Civ. P. 4(e); *North Penn Gas Co. v. Corning Natural Gas Corp*., 897 F.2d 687, 689 (3rd Cir. 1990); *Provident Nat'l Bank v. Cal. Fed. Savings & Loan Ass'n*, 819 F.2d 434, 436 (3rd Cir. 1987). Federal courts sitting in New Jersey apply New Jersey law when interpreting the meaning of due process for the purpose of personal jurisdiction. *Eason v. Linden Avionics, Inc*., 706 F. Supp. 311, 319 (D.N.J. 1989); *Western Union Telegraph v. T.S.I*., 545 F. Supp. 329, 332 (D.N.J. 1982).

The New Jersey long arm rule permits out-of-state service as far as is constitutionally permissible under the fourteenth amendment.  N.J. Court Rule 4:4-4; *DeJames v. Magnificence Carriers*, 654 F.2d 280, 284 (3rd Cir.), cert. denied, 454 U.S. 1085, 70 L. Ed. 2d 620, 102 S. Ct. 642 (1981); *Charles Gendler & Co. v. Telecom Equip. Corp.*, 102 N.J. 460, 469, 508 A.2d 1127 (1986).  Under the fourteenth amendment, personal jurisdiction exists where the plaintiff demonstrates the defendant has sufficient "minimum contacts" with the forum state:

> The first step in a minimum contacts analysis . . . is to determine whether the defendant has sufficient contacts with the forum state.  The second step is to evaluate those contacts 'in light of other factors to determine whether the assertion of personal jurisdiction would comport with fair play and substantial justice.'

*American Tel. & Tel. Co. v. MCI Communications Corp.*, 736 F. Supp. 1294, 1301-1302, 1990 U.S. Dist. LEXIS 5733, *19-22 (D. N.J. May 3, 1990), quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476, 85 L. Ed. 2d 528, 105 S. Ct. 2174 (1985).

"For purposes of establishing either general or specific jurisdiction, minimum contacts with a state are shaped by purposeful conduct making it reasonable for the defendant to anticipate being haled into court there."  *Id.* at 1302, citing *World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 287, 62 L. Ed. 2d 490, 100 S. Ct. 559 (1980).  "These contacts must have a basis in 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protection of its laws.'"  *Id.*, quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 2 L. Ed. 2d 1283, 78 S. Ct. 1228 (1958).

Here, there this Court lacks general jurisdiction and specific jurisdiction over Metron and Dr. Tsirikos-Karapanos.

**A. No General Jurisdiction Exists Because These Defendants are Not "At Home" in New Jersey.**

Neither Metron nor Dr. Tsirikos-Karapnos reside in New Jersey.  Metron was formed in Ohio and its principal (and only) place of business is in Ohio.  When a company, such as Metron, is neither incorporated in nor has its principal place of business in New Jersey, general jurisdiction in New Jersey exists only in the "exceptional case."  *See Malik v. Cabot Oil & Gas Corp.*, 710 Fed. Appx. 561, 563 (3rd Cir. 2017).  To establish this "exceptional case," Plaintiffs must establish that Metron's affiliations with New Jersey as "so continuous and systematic" as to render Metron "essentially at home" in New Jersey.  *Id.*

The Amended Complaint fails to establish facts capable of establishing the Metron and Dr. Tsirikos-Karapanos are essentially "at home" in New Jersey.  Metron's contacts with New Jersey, according to the Amended Complaint, are:

- Defendants sell ClearDrops "via ZOI's website and through distributors."[29]

- Defendants advertise their products in this District through ZOI's website and social media, "including videos featuring Ms. Stephens, Dr. Tsirikos-Karapanos, and Metron."[30]

- Defendants' false and misleading advertisements and "defamatory statements" were "targeted to—and have been viewed by—customers and/or potential customers in this District."[31]

As an initial matter, Plaintiffs improperly lump together Metron and Dr. Tsirikos-Karapanos with Codefendants without providing any factual allegations as to how These Defendants purposefully availed themselves to personal jurisdiction in New Jersey.  *See e.g.*, *Kurek v.Ohio Dep't of Dev. Disabilities*, No. 3:16CV623, 2017 U.S. Dist. LEXIS 65473, at *15-16 (N.D. Ohio Jan. 20, 2017) (holding "vaguely lump[ing] all defendants together without

---

[29] Amended Complaint, ¶ 17
[30] Amended Complaint, ¶ 17.
[31] Amended Complaint, ¶ 17.

providing any factual allegations that specify separate acts fails to satisfy the *Iqbal/Twombly* standard.").

Lack of specificity aside, Plaintiffs' conclusory and unsupported jurisdictional allegations fail to establish that this Court has general jurisdiction over These Defendants.

       1.    <u>Metron's Sale of ClearDrops to ZOI (in Nevada) Does Not Render Metron "At Home" in New Jersey.</u>

Plaintiffs allege that Metron's sale of ClearDrops "via ZOI's website and through distributors" constitutes "continuous and systematic" contacts with New Jersey capable of conferring general jurisdiction.[32]   However, Plaintiffs present no evidence or allegations that These Defendants were involved in any direct sale or distribution of any ClearDrops to New Jersey.   Metron sells ClearDrops exclusively to ZOI.

ZOI's subsequent sale and distribution of ClearDrops in New Jersey does not subject Metron to general personal jurisdiction in New Jersey.   The law on this issue is clear:  unilateral acts of third-party intermediaries are insufficient to confer jurisdiction.  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984); *Stranahan Gear Co., Inc. v. NL Industries, Inc*., 800 F.2d 53, 59 (3d Cir. 1986) (unilateral activity of third-party plaintiff could not constitute basis of personal jurisdiction over third-party defendant).  Using distributors to sell products to consumer does not confer personal jurisdiction. *See Bogle v. JD Techs., Inc.*, 2021 U.S. Dist. LEXIS 147558, *15-16, 2021 WL 3472151 (W.D. Pa. Aug. 6, 2021) (holding the defendant's use of multiple intermediaries to sell products to consumers throughout the United States did not create personal jurisdiction); *Moroccanoil, Inc. v. Conforti*, 2012 U.S. Dist. LEXIS 76351, *7 (D. N.J. June 1, 2012) (the defendant's "sale of products to another company in Canada does not constitute a contact with New Jersey," and the

---

[32] Amended Complaint, ¶17.

"subsequent sale of those products to a company in New Jersey cannot constitute a basis of personal jurisdiction over [the defendant].")

Even if consumer sales of ClearDrops were attributable to Metron, merely placing a product in the "stream-of-commerce" is incapable of establishing general personal jurisdiction. The United States Supreme Court discussed the stream-of-commerce theory in *Asahi Metal Industry Co. v. Superior Court of California, Solano County*, 480 U.S. 102, 94 L. Ed. 2d 92, 107 S. Ct. 1026 (1987). The Court concluded that the mere placement of a product into the stream of commerce with an awareness that it may end up in a specific state is not enough to establish minimum contacts. *Id.* at 112 (plurality opinion) ("[A] defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State.").

Metron placing ClearDrops in the stream-of-commerce, without engaging in any direct shipments or sales to New Jersey, is incapable of classifying as the "exceptional case" in which Metron (an Ohio company) will be deemed "at home" in New Jersey. As such, Plaintiffs' allegations regarding the sale and distribution of ClearDrops is incapable of establishing general jurisdiction over These Defendants.

      2.      Metron Allegedly "Advertising" ClearDrops on the Internet Does Not Render These Defendants "At Home" in all 50 States, including New Jersey.

Plaintiffs allege that Metron advertises ClearDrops through ZOI's website and social media, "including videos featuring Ms. Stephens, Dr. Tsirikos-Karapanos, and Metron."[33]

There is nothing "exceptional" about a company advertising its product online, and engaging in online marketing does not subject a company to personal jurisdiction in all 50 states. *See Triestman v. Tuerkheimer*, 2018 U.S. Dist. LEXIS 89936, *6-7 (D.N.J. May 11, 2018).

---

[33] Amended Complaint, ¶ 17.

"Placing information on the Internet alone 'is not sufficient by itself to subject that person to personal jurisdiction in each State in which the information is accessed.'" *Id.*, quoting *Young v. New Haven Advocate*, 315 F. 3d 256, 263 (4th Cir. 2002) (emphasis added). "If that were the case, any person placing information on the Internet would be subject to personal jurisdiction in every State. This would completely erode the traditional due process principles governing a State's jurisdiction over persons outside of its borders." *Id.* (internal citations omitted).

Here, Plaintiffs do not allege These Defendants actually posted information on the Internet. Plaintiffs present no allegations or evidence that These Defendants own or operate the websites containing the allegedly defamatory statements. The opposite is true: Metron has never created and does not operate any websites that sell, market, or promote ClearDrops.[34] At most, based upon Plaintiffs' allegations, These Defendants participated in the creation of videos that ZOI then posted online on ZOI's own webpages. The mere presence of Dr. Tsirikos-Karapanos's statements online is woefully insufficient to establish "continuous and systematic" contact with New Jersey capable of rendering These Defendants "at home" in New Jersey.

        3.     The Alleged "Effects" in New Jersey Do Not Render These Defendants "At Home" in New Jersey.

As their final basis for general jurisdiction, Plaintiffs allege that These Defendants' statements were "targeted to—and have been viewed by—customers and/or potential customers in this District."[35] The "effects tests"—which Plaintiffs attempt to evoke in this allegation—is a concept that involves *specific* jurisdiction, not general jurisdiction. *See e.g.*, *HV Assocs. V. PNC Bank, N.A.*, 2019 U.S. Dist. LEXIS 68705, *19-20 (D.N.J. April 18, 2019) (the effects test is used to evaluate the existence of specific jurisdiction when the court lacks general jurisdiction);

---

[34] Declaration of Dr. Tsirikos-Karapanos, ¶ 18.
[35] Amended Complaint, ¶ 17.

*see e.g.*, *Les Giblin LLC v. La Marque*, 2021 U.S. Dist. LEXIS 95318, *15-17 (D.N.J. May 17, 2021).

As such, the alleged "effects" in New Jersey is irrelevant to and incapable of establishing general jurisdiction over These Defendants.

**B. No Specific Jurisdiction Exists Over These Defendants**.

Plaintiffs do not allege that this Court has "specific jurisdiction" over These Defendants. The basis for this Court's personal jurisdiction over These Defendants—as articulated in Plaintiffs' Amended Complaint—is "Defendants' continuous and systematic contacts and business activities within the state of New Jersey…"[36]   This conclusory allegation evokes *general* jurisdiction, not specific jurisdiction.

Even if specific jurisdiction was properly alleged, the Amended Complaint fails to allege facts capable of establishing that this Court can exercise specific jurisdiction over These Defendants.

4.    Metron's Sale of ClearDrops Does Not Confer Upon this Court Specific Jurisdiction Over These Defendants.

The alleged sale and distribution of ClearDrops in New Jersey is irrelevant to Plaintiffs' claims, therefore it is irrelevant to the issue of specific jurisdiction.  Specific jurisdiction is based upon the defendant's forum-related activities that underline give rise to the plaintiff's claims.  *Wellness Publ'g v. Barefoot*, 128 Fed. Appx. 266, 268-269, 2005 U.S. App. LEXIS 6487, *4-5 (3rd Cir. 2005), citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 85 L. Ed. 2d 528, 105 S. Ct. 2174 (1985); *Imo Industries, Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3rd Cir. 1998).

Plaintiffs' claims are based upon allegedly defamatory statements posted on the Internet, not the sale of ClearDrops.  To determine specific jurisdiction, this Court must look only to

---

[36] Amended Complaint, ¶ 20.

These Defendants' activities that give rise to Plaintiffs' claims, which are unrelated to the sale or distribution of ClearDrops.  *See e.g.*, *Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas*, 675 F.2d 587, 588 (3d Cir. 1982) ("If the claim pursued *arises from forum related activity*, the court must determine whether there are enough contacts with the forum arising out of that transaction in order to justify the assertion of jurisdiction over the out-of-state defendant.").  Metron placing ClearDrops into the "stream-of-commerce" is, therefore, irrelevant to determine whether this Court has specific jurisdiction over These Defendants.

5.    Dr. Tsirikos-Karapanos's Statements that Appear Online Cannot Constitute  "Minimum Contacts" with New Jersey.

"[T]he mere operation of a commercially interactive website does not confer jurisdiction wherever that website may be accessed."  *Les Giblin LLC v. La Marque*, 2021 U.S. Dist. LEXIS 95318, *14-15 (D. N.J. May 17, 2021), citing *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F. 3d 446, 454 (3rd Cir. 2003) (emphasis added); *Rocke v. Pebble Beach Co.*, 541 Fed. Appx. 208, 211-212, 2013 U.S. App. LEXIS 20633, *8-9 (3rd Cir. 2013) (interactive website failed to qualify as purposeful contact).  "Rather, there must be evidence that the defendant 'purposefully availed' itself of conducting activity in the forum state, **by directly targeting *its website* to the state, knowingly interacting with residents of the forum state via his web site, or through sufficient other related contacts**."  *Id.*, quoting *Toys "R" Us, Inc. v. Step Two*, S.A., 318 F. 3d 446, 454 (3rd Cir. 2003) (emphasis added).  "A plaintiff can demonstrate that an Internet post targeted a specific forum by, for example, demonstrating that (i) that **the website itself focused on a specific geographic area** or (ii) **the content of the post targeted a specific geographic area**."  *Klausmair Constr., LLC v. Gladden Farm, LLC*, 2018 U.S. Dist. LEXIS 130495, *14-15 (E.D. Pa. Aug. 3, 2018) (emphasis added).

District Courts use a "sliding scale" to determine whether a control of a website confers

15

personal jurisdiction.  *Id.*; *Chant Eng'g Co. v. Cumberland Sales Co.*, 2021 U.S. Dist. LEXIS 41444, *16-18 (E.D. Pa. March 5, 2021); *Zippo Manufacturing Company v. Zippo Dot Com, Incorporated*, 952 F. Supp. 1119, 1123-24 (W.D. Pa. 1997); *Toys "R" Us, Inc. v. Step Two*, S.A., 318 F. 3d 446, 454 (3d Cir. 2003).   "[T]he likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet."  *Id.* (citations omitted).  "On one end of the scale (where personal jurisdiction can be established) are situations where a defendant uses an interactive commercial website to actively transact business with residents of the forum state."  *Chant Eng'g Co. v. Cumberland Sales Co.*, 2021 U.S. Dist. LEXIS 41444, *16-18 (E.D. Pa. March 5, 2021) (internal citations omitted).  "At the other end of the scale (where personal jurisdiction is lacking) are situations where a passive website merely provides information that is accessible to users in the forum state."  *Id*.  "When a case falls between these two extremes, courts examine the level of interactivity and commercial nature of the exchange of information that occurs on the Web site."  *Id*.

Here, Plaintiffs allege no facts—and can present no evidence—to support a claim that These Defendants owned or operated the websites containing the allegedly defamatory statements, let alone that These Defendants "directly targeted" the websites or their content to New Jersey.  Plaintiffs' contention is that anyone in New Jersey could access Dr. Tsirikos-Karapanos's statements using ZOI's website.  However, the allegation that a defendant published defamatory content accessible within the forum state is insufficient grounds to find personal jurisdiction.  *Bank v. Sunday Journal USA Corp.*, 2018 U.S. Dist. LEXIS 212942, *6 (E.D. Pa. Dec. 17, 2018); *Fatouros v. Lambrakis*, 627 F. App'x 84, 87-88 (3d Cir. 2015) ("A radio broadcast in another state and a television broadcast in another country, both of which could be

16

accessed over the Internet, and postings in Internet forums that could be read by individuals in [the forum state] are insufficient bases for personal jurisdiction"); *Barrett v. Catacombs Press*, 44 F. Supp. 2d 717, 728 (E.D. Pa. 1999) (finding that information posted on a website that is available worldwide does not show intent to target the forum-state's residents with that information); *Remick v. Manfredy*, 238 F.3d 248, 259 n.3 (3rd Cir. 2001) ("[T]he mere posting of information or advertisements on an Internet website does not confer nationwide personal jurisdiction").

In *Klausmair Constr., LLC v. Gladden Farm, LLC*, 2018 U.S. Dist. LEXIS 130495, *14-15 (E.D. Pa. Aug. 3, 2018), the court ruled the plaintiff failed to demonstrate that the defendant "expressly aimed his conduct at Pennsylvania." *Id*. "Nothing about the websites on which [the defendant] allegedly posted is specific to Pennsylvania." "The contents of the posts allegedly authored by [the defendant] <u>do not specifically target, mention, or reference Pennsylvania</u>." *Id*. (emphasis added).

The same is true here. Plaintiffs do not present any evidence that any statement attributable to These Defendants were specifically targeted, mentioned, or referenced New Jersey. As such, Plaintiffs fail to establish that These Defendants purposefully availed themselves to personal jurisdiction in New Jersey.

6. <u>Plaintiffs Cannot Satisfy the "Effects Test."</u>

Plaintiffs allege that These Defendants' statements "…have been viewed by customers and/or potential customers in this District."[37] This allegation is incapable of establishing specific jurisdiction under the "effects test."

In order to establish specific jurisdiction under the effects test, Plaintiffs must show: (1) These Defendants committed an intentional tort; (2) Plaintiffs felt the brunt of the harm in New

---

[37] Amended Complaint, ¶ 17.

Jersey such that New Jersey can be said to be the focal point of the harm; and (3) These Defendants expressly aimed their tortious conduct at New Jersey such that New Jersey can be said to be the focal point of the tortious activity. *Les Giblin LLC v. La Marque*, 2021 U.S. Dist. LEXIS 95318, *14-15 (D. N.J. May 17, 2021), citing *IMO Indus.*, 155 F.3d at 265-66. The "effects test" inquiry still "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.*, quoting *Walden v. Fiore*, 571 U.S. 277, 285, 134 S. Ct. 1115, 188 L. Ed. 2d 12 (2014).

Here, Plaintiffs cannot establish the second or third prong of the effects test. First, none of the Plaintiffs reside in New Jersey.[38] As such, Plaintiffs do not allege—and cannot allege—that Plaintiffs felt the brunt of the harm in New Jersey such that New Jersey can be said to be the "focal point of the harm." Second, These Defendants' alleged statements appear on the Internet, accessible by anyone with internet access. Dr. Tsirikos-Karapanos was in Cleveland, Ohio during the video recordings identified in the Amended Complaint. As such, Plaintiffs cannot establish that New Jersey is somehow the "focal point" of the tortious activity.

Because Plaintiffs fail to satisfy the "effects test," any allegation that customers or potential customers in New Jersey viewed certain Internet content cannot support this Court exercising personal jurisdiction over These Defendants.

## CONCLUSION

None of the allegations in The Amended Complaint are sufficient to satisfy Plaintiffs' burden of proof with respect to personal jurisdiction. Plaintiffs have failed to establish—and cannot establish—that These Defendants had "minimum contacts" with New Jersey or otherwise "purposefully availed" themselves to jurisdiction in New Jersey. Therefore, exercising personal jurisdiction over These Defendants, in this case, would violate their constitutional rights.

---

[38] Amended Complaint, ¶¶ 2-6.

Accordingly, this Court should dismiss Plaintiffs' Amended Complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.


Dated:  September 3, 2021                    Respectfully submitted,


                                             /s/ Colin Hackett
                                             _____
                                             Colin Hackett
                                             LEWIS BRISBOIS BISGAARD & SMITH
                                             One Riverfront Plaza, Suite 800
                                             Newark, NJ 07102
                                             Tel. 973.577.6260
                                             Colin.Hackett@lewisbrisbois.com
                                             *Counsel for Defendants, Metron Nutraceuticals,*
                                             *LLC and Nikolaos Tsirikos-Karapanos*