# THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZEO HEALTH LTD., § <br> MICAH PORTNEY, § <br> TOUCHSTONE LIFE ESSENTIALS, § <br> INC., and NORWOOD E. STONE, § <br> § <br> Plaintiffs, § <br> § <br> vs. § <br> § <br> ZOI GLOBAL, LLC, § <br> LORI R. LEE, DENISE STEPHENS, § <br> METRON NUTRACEUTICALS, § <br> LLC, and NIKOLAOS § <br> TSIRIKOS-KARAPANOS, § <br> § <br> Defendants. § | Case No. 2:21-cv-11410 (ES)(JCB) <br><br> JURY TRIAL DEMANDED |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR AN EXTENSION OF TIME TO EFFECTUATE SERVICE ON DEFENDANT ZOI GLOBAL, LLC AND FOR ALTERNATIVE SERVICE VIA THE NEVADA SECRETARY OF STATE**

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................i

TABLE OF AUTHORITIES ........................................................................................ ii

I.   INTRODUCTION ............................................................................................1

II.  STATEMENT OF FACTS ...............................................................................1

III. ARGUMENT....................................................................................................3

    A.   The Court Should Grant Plaintiffs an Extension of Time to Effectuate Service on Zoi Global. ...........................................................................3

    B.   Plaintiffs Should Be Permitted to Serve Zoi Global Through the Nevada Secretary of State................................................................................. 7

IV.  CONCLUSION...............................................................................................10

# **TABLE OF AUTHORITIES**

**Cases**

*Chiang v. U.S. Small Bus. Admin.*, 331 F. App'x 113 (3d Cir. 2009) ....................... 5

*Cunningham v. New Jersey*, 230 F.R.D. 391 (D.N.J. 2005) ..................................... 4

*DLJ Mortg. Cap., Inc. v. Old Republic Title Ins. Grp., Inc.*, No. 2:20-cv-01662, 2021 WL 1911342 (D. Nev. Apr. 15, 2021) ..................................................... 8, 10

*Fletcher v. Gateway Grp. One*, No. 20-cv-3413, 2021 WL 2651254 (D.N.J. June 28, 2021) ................................................................................................................ 4

*Green v. Humphrey Elevator & Truck Co.*, 816 F.2d 877 (3d Cir. 1987) ................. 4

*Guardian Life Ins. Co. of Am. v. Estate of Walter Matesic*, No. 2:16-00643, 2016 WL 3763340 (D.N.J. July 14, 2016) ................................................................. 7, 9

*Guzman v. Mana*, No. 17-2551, 2018 WL 10151023 (D.N.J. Dec. 6, 2018) ............ 5

*Himmelreich v. United States*, 285 F. App'x 5 (3d Cir. 2008) ................................. 4

*Lovelace v. Acme Markets, Inc.*, 820 F.2d 81 (3d Cir. 1987) ................................... 5

*McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191 (3d Cir. 1998) ..................... 4

*MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086 (3d Cir. 1995) .. 4, 5, 6, 7

*Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298 (3d Cir. 1995) .......................... 3

*Salaam v. Merlin*, No. 08-1248, 2009 WL 2230925 (D.N.J. July 22, 2009) ............ 6

*Stott v. Split Decision Music, LLC*, No. 20-14916, 2021 WL 4551607 (D.N.J. Oct. 5, 2021) ................................................................................................................. 5

*Thompson v. Dep't of Corr.*, No. 17-11768, 2019 WL 2206174 (D.N.J. May 22, 2019) ........................................................................................................................3

*Wahab v. New Jersey Dep't of Env't Prot.*, No. 12-6613, 2017 WL 4790387 (D.N.J. Oct. 24, 2017) ......................................................................................................5, 6

**Rules**

Fed. R. Civ. P. 4(e)(1) ................................................................................................1

N.J. Ct. R. 4:4-4(b)(1) ...............................................................................................1

Nev. R. Civ. P. 4.2(c)(3) .......................................................................................8, 10

## I.     INTRODUCTION

Plaintiffs Zeo Health Ltd., Micah Portney, Touchstone Life Essentials, Inc., and Norwood E. Stone (collectively, "Plaintiffs") submit this motion for an extension of time to effectuate service of process on Defendant Zoi Global, LLC ("Zoi Global") and for an order pursuant to Fed. R. Civ. P. 4(e)(1) permitting Plaintiffs to serve alternative process on Zoi Global through Nevada's Secretary of State in accordance with N.J. Ct. R. 4:4-4(b)(1), or as the Court otherwise directs.

## II.    STATEMENT OF FACTS

On May 18, 2021, Plaintiffs sued Defendants Zoi Global, Lori R. Lee, and Denise Stephens for: (1) false advertising under the Lanham Act, (2) defamation of Zeo Health Ltd., (3) defamation of Micah Portney, (4) defamation of Touchstone Life Essentials, Inc., (5) defamation of Norwood E. Stone, (6) product disparagement, and (7) unfair competition (Dkt. #1).[1]  Plaintiffs emailed Defendant Lori Lee a copy of the complaint on May 20, 2021 to give Defendants notice of the lawsuit.  *See* Dkt. #5, ¶ 54.  Just four days after Plaintiffs provided this notice, now-Defendants Metron Nutraceuticals, LLC and Dr. Nikolaos Tsirikos-Karapanos wrote a retaliatory letter to the FDA regarding Plaintiffs Zeo Health and Micah Portney that contained false and misleading claims about Plaintiffs, *id*. ¶¶ 54-55, and

---

[1] Plaintiffs added Defendants Metron Nutraceuticals, LLC and Dr. Nikolaos Tsirikos-Karapanos in their amended complaint on June 18, 2021 (Dkt. #5).

1

three days after that, on May 27, Defendants posted on the Zoi Global website and social media new videos targeting each of the Plaintiffs and making additional false, misleading, and defamatory statements about Plaintiffs and their products. *Id.* ¶¶ 56-57. These acts create the inference that Zoi Global, along with the rest of Defendants, had knowledge of this lawsuit in May 2021.

On June 24, 2021, Plaintiffs engaged Guaranteed Subpoena Service, Inc. ("Guaranteed Subpoena"), a process server, to serve process on Zoi Global, along with the other Defendants **(Ex. A)**. Nevada's Business Portal, SilverFlume, identifies Zoi Global's registered agent as Trevor Rowley at 4730 S. Fort Apache Rd. STE 300 Las Vegas, NV 89147 **(Ex. B)**. This is the same address that appears throughout the Zoi Global website **(Ex. B)**. Plaintiffs attempted to serve Zoi Global on July 14, 2021 and July 23, 2021 at this address, through its agent, Mr. Rowley, but there was no answer on all attempts **(Ex. C)**. According to the process server, the front desk advised him that Mr. Rowley was only there once a month, could not give a specific day, and would not provide any other information **(Ex. C)**. Additionally, on June 30, 2021, Plaintiffs attempted to serve Zoi Global's CEO, Denise Stephens a/k/a Barbara D. Stephens, at her home address, 3923 Cross Bend Drive, Arlington, TX 76094, as discovered through an internet search **(Ex. D)**. The process server was unable to complete service of process because, according to a resident of the house, Ms. Stephens (the previous owner) no longer lived at that

address **(Ex. D)**. Plaintiffs again made attempts to serve Ms. Stephens at an additional possible address Plaintiff became aware of, 3112 N. Camino Lagos, Grand Prairie, TX 75054, including on August 3, 2021 **(Ex. D)**. There was no answer at this address, the process server left a delivery notice, and the process server determined that the house was not owned by Ms. Stephens **(Ex. D)**.

Plaintiffs then hired Spartan Detective Agency to conduct skip traces for Mr. Rowley c/o Zoi Global **(Ex. E)** and for Ms. Stephens. The skip trace for Mr. Rowley c/o Zoi Global determined: "THAT [THE] ENTITY WAS STILL RESIDING AT THE GIVEN ADDRESS OF 4730 S FORT APACHE ROAD, STE 300, LAS VEGAS, NV 89147 AT THE TIME OF THE SEARCH" **(Ex. E)**.

### III.   ARGUMENT

#### A.   The Court should grant Plaintiffs an extension of time to effectuate service on Zoi Global.

Plaintiffs should be granted an extension of time to effectuate service because Plaintiffs' multiple attempts at serving Zoi Global constitute good cause.

If a plaintiff establishes "good cause," a court must extend the time for service of process. *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995); *Thompson v. Dep't of Corr.*, No. 17-11768, 2019 WL 2206174, at *3 (D.N.J. May 22, 2019). The "good cause" requirement protects "diligent plaintiffs who, though making every effort to comply with [the time limit in Rule 4(m)], nonetheless exceed the [time for service]." *Green v. Humphrey Elevator & Truck Co.*, 816 F.2d 877,

3

880 (3d Cir. 1987). Even absent good cause, "the court may still grant the extension in the sound exercise of its discretion." *McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir. 1998); *Fletcher v. Gateway Grp. One*, No. 20-cv-3413, 2021 WL 2651254, at *4 (D.N.J. June 28, 2021) (granting a discretionary extension of time when service was approximately five months beyond the 90-day deadline because it did not affect the defendant's ability to defend itself and because the litigation had not progressed beyond "threshold motion practice"). The "primary focus" for good cause is "on the plaintiff's reasons for not complying with the time limit in the first place." *Id.*; *see, e.g.*, *Himmelreich v. United States*, 285 F. App'x 5, 7 (3d Cir. 2008) (finding good cause where the plaintiff "promptly informed the District Court of his address changes, he asked the District Court for USM–285 forms in January and July 2007, and he attempted to comply with the District Court's [] order by completing and submitting official and handwritten return of service forms.").

The Third Circuit equates "good cause" with "excusable neglect," requiring "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995); *see, e.g.*, *Cunningham v. New Jersey*, 230 F.R.D. 391, 394 (D.N.J. 2005) (finding good cause when the plaintiff was unable to get her case file from her original legal

representation, and when she obtained the case file, diligently served the defendant); *cf. Chiang v. U.S. Small Bus. Admin.*, 331 F. App'x 113, 115-16 (3d Cir. 2009) (finding that the plaintiffs did not show good cause for an extension of time to effect service because plaintiffs offered no explanation for why they were unable to comply with the deadline for service). In determining whether "good cause" exists, courts consider factors such as "the reasonableness of plaintiff's efforts to serve," and, if any, "prejudice to the defendants by lack of timely service." *MCI Telecomm. Corp.*, 71 F.3d at 1097; *Stott v. Split Decision Music, LLC*, No. 20-14916, 2021 WL 4551607, at *4 (D.N.J. Oct. 5, 2021); *Guzman v. Mana*, No. 17-2551, 2018 WL 10151023, at *1 (D.N.J. Dec. 6, 2018). A defendant evading a plaintiff's attempts at service constitutes good cause. *Lovelace v. Acme Markets, Inc.*, 820 F.2d 81, 84 (3d Cir. 1987) ("Legislative history provides only one example where an extension for good cause would be permissible—specifically when the defendant intentionally evades service of process."); *Wahab v. New Jersey Dep't of Env't Prot.*, No. 12-6613, 2017 WL 4790387, at *5 (D.N.J. Oct. 24, 2017) (finding good cause where the plaintiff attempted to personally serve the defendant at the address provided by the NJDEP and the State of New Jersey on five separate occasions, attempted to serve the defendant by certified mail, return receipt requested at the address provided, and alleged the defendant was evading service); *Salaam v. Merlin*, No. 08-1248, 2009 WL 2230925, at *3 (D.N.J. July 22, 2009).

5

Here, Plaintiffs have demonstrated good cause for an extension of time to effectuate service since Plaintiffs have made reasonable good faith efforts to serve Zoi Global without success, and an extension of time for service would not prejudice Zoi Global. *See MCI Telecomm. Corp.*, 71 F.3d at 1097; *Wahab*, 2017 WL 4790387, at *5. The attempts at service in the present case are analogous to the attempts at service in *Wahab* where the plaintiff made multiple attempts at service and the court considered the plaintiff's allegation that the defendant was evading service in finding there was good cause for an extension of time. *See Wahab*, 2017 WL 4790387, at *5. Similarly, Plaintiffs in this case have attempted to personally serve Zoi Global multiple times, and it appears that Zoi Global may be evading service. Plaintiffs repeatedly attempted to serve Zoi Global through its registered agent, Mr. Rowley, at the address listed on Nevada's Business Portal as well as twice through its CEO, Ms. Stephens, but there was no answer on all attempts (**Ex. B**). The front desk at Zoi Global's address advised that Mr. Rowley was only there once a month, could not give a specific day, and would not provide any other information (**Ex. B**). Plaintiffs also verified the accuracy of Mr. Rowley c/o Zoi Global's address through a skip trace (**Ex. E**). Furthermore, Plaintiffs made a good-faith effort to provide notice of the lawsuit to Defendants by emailing Defendant Lori Lee a copy of the complaint on May 20, 2021, s*ee* Dkt. #5, ¶ 54, and it appears from Defendants' actions—including the posting of new content regarding Plaintiffs on Zoi Global's

website and social media—that Zoi Global, along with the rest of the Defendants, had knowledge of this lawsuit in May 2021.  *See id*. ¶¶ 54-57.

Though Plaintiffs made every effort to serve Zoi Global within the time for service, Plaintiffs exceeded the deadline.  At this early stage in the case, there is no reason that an extension of time would prejudice Zoi Global.  Looking at Plaintiffs' reasons for failing to serve Zoi Global within the time for service, Plaintiffs have shown good faith and a reasonable basis for their inability to effectuate service.  *See MCI Telecommunications Corp.*, 71 F.3d at 1097.

Since Plaintiffs have demonstrated good cause to extend the time for service of process, Plaintiffs request that the Court grant an extension of time to effectuate service from August 16, 2021 to 30 days from the date of the Court's order or whenever the Court deems proper.

### B. Plaintiffs should be permitted to serve Zoi Global through the Nevada Secretary of State.

A court may order an alternative means of service that is consistent with due process when a plaintiff demonstrates that, despite due diligence, personal service cannot be completed.  *Guardian Life Ins. Co. of Am. v. Estate of Walter Matesic*, No. 2:16-00643, 2016 WL 3763340, at *2 (D.N.J. July 14, 2016) (citing N.J. Ct. R. 4:4-4(b)(3)).  In order to establish due diligence in attempting to effect personal service, "a plaintiff must demonstrate a good faith effort to search and find a defendant whose address is unknown, or who is allegedly evading service, before

7

resorting to alternate means of substitute service." *Id.* (citing *J.C. v. M.C.*, 438 N.J. Super. 325, 331 (Ch. Div. 2013)).  Under the Nevada Rules of Civil Procedure, where a plaintiff cannot effectuate service upon a business entity or association in Nevada, a plaintiff may serve the defendant through the Secretary of State.  Nev. R. Civ. P. 4.2(c)(3);[2] *DLJ Mortg. Cap., Inc. v. Old Republic Title Ins. Grp., Inc.*, No. 2:20-cv-01662, 2021 WL 1911342, at *2 (D. Nev. Apr. 15, 2021) (granting leave to serve the defendant via the Secretary of State where the process server was unable to serve the defendant's corporate officers).

As discussed in III.A., *supra*, Plaintiffs have demonstrated due diligence in attempting to serve Zoi Global.  Plaintiffs repeatedly attempted to serve Zoi Global through its registered agent, Mr. Rowley, at the address listed on Nevada's Business Portal (**Ex. B**).  This is the same address that appears throughout the Zoi Global

---

[2] Nev. R. Civ. P. 4.2(c)(3)(A) provides:

> (A) If, for any reason, service on an entity or association required to appoint a registered agent in this state or to register to do business in this state cannot be made under Rule 4.2(c)(1) or (2), then the plaintiff may seek leave of court to serve the Nevada Secretary of State in the entity's or association's stead by filing with the court an affidavit:
>
> (i) setting forth the facts demonstrating the plaintiff's good faith attempts to locate and serve the entity or association;
>
> (ii) explaining the reasons why service on the entity or association cannot be made; and
>
> (iii) stating the last-known address of the entity or association or of any person listed in Rule 4.2(c)(1), if any.

website (**Ex. B**). There was no answer on all attempts, and the front desk at Zoi Global's address advised that Mr. Rowley was only there once a month, could not give a specific day, and would not provide any other information **(Ex. C)**. Plaintiffs have also attempted to serve Zoi Global multiple times through its CEO, Ms. Stephens, but there was no answer on all attempts. Plaintiffs further sought to locate Zoi Global and Ms. Stephens by employing a detective agency to conduct a skip trace. The skip trace for Mr. Rowley c/o Zoi Global determined that he was indeed "STILL RESIDING AT THE GIVEN ADDRESS OF 4730 S FORT APACHE ROAD, STE 300, LAS VEGAS, NV 89147 AT THE TIME OF THE SEARCH" **(Ex. E)**. Additionally, Plaintiffs made a good-faith effort to provide notice of the lawsuit to Defendants by emailing Defendant Lori Lee a copy of the complaint on May 20, 2021, s*ee* Dkt. #5, ¶ 54, and it appears that Zoi Global, along with the rest of Defendants, had knowledge of this lawsuit shortly thereafter. *See id*. ¶¶ 54-57.

Because Plaintiffs have demonstrated a good faith effort to serve Zoi Global through its registered agent, and because Zoi Global appears to have knowledge of the lawsuit and to be evading service, Plaintiffs should be permitted to resort to alternative means of substitute service. *See Guardian Life Ins.*, 2016 WL 3763340, at *2. Further, because Plaintiffs have not been able to effectuate service upon Zoi Global at its registered address in Nevada or on its CEO, Ms. Stephens, Plaintiffs should be permitted to serve Zoi Global through the Secretary of State, in accordance

with Nevada law.  *See* Nev. R. Civ. P. 4.2(c)(3); *DLJ Mortg. Cap.*, 2021 WL 1911342, at *2.  Such service comports with due process and is permissible.  *See DLJ Mortg. Cap.*, 2021 WL 1911342, at *2.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask that the Court grant their motion in full.


Dated: November 12, 2021                    Respectfully submitted,


             s/ Dariush Keyhani
             Dariush Keyhani
             Keyhani LLC
             1050 30th Street NW
             Washington, DC 20007
             Telephone: (202) 748-8950
             Fax: (202) 318-8958
             dkeyhani@keyhanillc.com
             *Attorneys for Plaintiff*