UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**ESTHER SALAS**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 5076<br>NEWARK, NJ 07101<br>973-297-4887 |

February 3, 2022

## LETTER ORDER

Re: *Zeo Health Ltd., et al. v. Zoi Global, LLC, et al.*
    Civil Action No. 21-11410 (ES) (JBC)

Dear parties:

On May 18, 2021, Plaintiffs Zeo Health Ltd., Micah Portnoy, Touchstone Life Essentials Inc., and Norwood Stone filed suit against Defendants Zoi Global, LLC, Lori Lee, and Denise Stephens. (D.E. No. 1). Plaintiffs amended their complaint on June 18, 2021, adding Defendants Metron Nutraceuticals, LLC, and Nikolaos Tsirikos-Karapanos to this action. (D.E. No. 5 ("Am. Compl.")).

The parties are competitors in the supplement market. (*Id.* ¶ 7). Plaintiffs allege that Defendants made a series of false and misleading comments about their competing supplement products. (*Id.* ¶¶ 37–57). Accordingly, Plaintiffs assert claims of false advertising under the Lanham Act (Count One), defamation under New Jersey law (Counts Two through Five), product disparagement under New Jersey law (Counts Six), and unfair competition under New Jersey law (Count Seven).

Defendant Lee moves to dismiss the Amended Complaint against her for failure to state a claim. (D.E. No. 10).

To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and a claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Zuber v. Boscov's*, 871 F.3d 255, 258 (3d Cir. 2017) (first quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010); and then quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Lee argues that, while the Amended Complaint outlines "a series of purportedly false and misleading statements made by defendants ZOI and Metron against their competitors," the Amended Complaint "identif[ies] no alleged statements (false or otherwise) made by Ms. Lee." (D.E. No. 10-1, Moving Brief at 1). And, she argues, Plaintiffs' claims are viable, in this context, only if she personally made a false or misleading statement about Plaintiffs' products. (*Id.* at 4–6

1

(citing *Groupe SEB USA, Inc. v. Euro-Pro Operating LLC*, 774 F.3d 192, 198 (3d Cir. 2014) (Lanham Act); *Albion Eng'g Co v. Hartford Fire Ins. Co*, 779 F. App'x 85, 88 (3d Cir. 2019) (defamation); *Telebrands Corp. v. Ragner Tech. Corp.*, No. 16-3474, 2019 WL 1468156, at *5 (D.N.J. Apr. 3, 2019) (unfair competition); *Zinn v. Seruga*, No. 05-3572, 2006 WL 2135811, at *11 (D.N.J. July 28, 2006) (product disparagement))).

Plaintiffs respond that, after accepting the Amended Complaint's factual allegations as true, the Court may plausibly infer that Lee "ha[d] a significant role in the company's direction, activities, and statements." (D.E. No. 11, Opposition Brief at 11). Plaintiffs point out that the Amended Complaint alleges the following:

- that "Ms. Lee is an affiliate and advisor to [Zoi Global] who operates and creates content for Zoi Global's website and social media and is prominently featured on the zoiglobal.com website";

- that "Defendants' false, misleading, and defamatory statements appear on Zoi Global's website, in the form of written statements, images, and videos";

- that "Ms. Lee directs her Wellness Center of Northwest Jersey customers to Zoi Global's website and social media and to the false, misleading, and defamatory statements contained therein";

- that all of Zoi Global's "website's pages, including the homepage, feature a link in the upper left hand corner stating: 'WELCOME FROM: LORI R. LEE, MA, RDN, CPT, CLT FUNCTIONAL REGISTERED DIETITIAN NUTRITIONIST'"; and

- that "the 'CONTACT' tab on the Zoi Global website leads to a web page featuring a photograph of Ms. Lee, along with links to Ms. Lee's contact information in New Jersey, and that no contact information for any other individual or entity is given."

(*Id.* at 2–3 (citing Am. Compl. ¶¶ 18–19, 30 & 37–55)).

Lee responds that, even accepting those allegations as true, it is speculative that she made false or misleading statements about Plaintiffs' products. (D.E. No. 12, Reply at 3). The Amended Complaint, Lee argues, merely details statements about Plaintiffs' products that were made by others, and "there are no grounds to infer her wrongdoing." (*Id.* at 2).[1]

The Court agrees with Plaintiffs. While the Amended Complaint does not allege a particular false or misleading statement uttered by Lee specifically, the Lanham Act and a claim of unfair competition may support liability for statements made by a third-party so long as the statement "was created, sponsored, and presented by the defendant." *See Newborn Bros. Co. v. Albion Eng'g Co.*, 481 F. Supp. 3d 312, 345 (D.N.J. 2020) (citing *Bracco Diagnostics, Inc. v. Amersham Health, Inc.*, 627 F. Supp. 2d 384, 463 (D.N.J. 2009)); *see also Congoo, LLC v. Revcontent LLC*, No. 16-0401, 2016 WL 1547171, at *3 (D.N.J. Apr. 15, 2016); *Interlink Prod. Int'l, Inc. v. F & W Trading LLC*, No. 15-1340, 2016 WL 1260713, at *9 (D.N.J. Mar. 31, 2016)

---

[1] Lee also argues that the allegations concerning her prominence on the Zoi Global website are false. (D.E. No. 10-1, Moving Brief at 3). However, the Court must accept the Amended Complaint's well-pleaded factual allegations as true. *Iqbal*, 556 U.S. at 679 ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.").

2

(finding false advertising claim actionable where complaint alleged that "Defendants purposefully dr[o]ve up Amazon product ratings by enlisting inherently biased professional reviewers intending for consumers to rely on the misleading heightened reviews when selecting a product for purchase"); *Telebrands Corp. v. Ragner Tech. Corp.*, No. 16-3474, 2019 WL 1468156, at *5 (D.N.J. Apr. 3, 2019) ("New Jersey statutory and common-law unfair competition claims mirror claims under Section 43(a) of the Lanham Act.").

Drawing all reasonable inferences in Plaintiffs' favor, as the Court must, it is plausible to infer that Lee significantly contributed to creating, sponsoring, and presenting the alleged false and misleading statements. The Amended Complaint alleges that she is an affiliate and advisor to Zoi Global; that she provides content to Zoi Global's website, where the allegedly false and misleading information appeared; that she was effectively a spokesperson for Zoi Global; that she was the only person advertised on Zoi Global's website as a point of contact; and, perhaps most importantly, that each webpage, including those relaying the alleged false and misleading information, prominently displayed a message from her welcoming the viewer. (Am. Compl. ¶¶ 18–19, 30 & 37–55). These allegations are sufficient "to raise a reasonable expectation that discovery will reveal evidence" that Lee contributed to creating, sponsoring, and producing the alleged false and misleading statements. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

For the same reasons, the Court finds that Plaintiffs' claims of defamation and product disparagement may proceed. For defamation under New Jersey law, liability can attach to statements "made by the defendant either directly or through some agency relationship." *See Kiernan v. Williams*, No. A-0531-04T1, 2006 WL 2418861, at *5 (N.J. Super. Ct. App. Div. Aug. 23, 2006). And a claim of product disparagement is essentially the same as a claim for defamation when the published information was about a product and was disparaging, false, and defamatory. *See Dairy Stores, Inc. v. Sentinel Pub. Co.*, 516 A.2d 220, 225 (N.J. 1986) (explaining that in such situations the distinction between both claims "disappears").

Accordingly, the Court DENIES Lee's motion to dismiss. (D.E. No. 10).

**SO ORDERED.**

Esther Salas, U.S.D.J.