UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZEO HEALTH LTD., MICAH PORTNEY, TOUCHSTONE LIFE ESSENTIALS, INC., and NORWOOD E. STONE,<br><br>Plaintiffs,<br><br>- against -<br><br>ZOI GLOBAL, LLC, LORI R. LEE, DENISE STEPHENS, METRON NUTRACEUTICALS, LLC, and NIKOLAOS TSIRIKOS-KARAPANOS,<br><br>Defendants. | Case No. 2:21-cv-11410 (ES)(MF) |

**ANSWER TO AMENDED COMPLAINT**

Defendant LORI R. LEE ("Ms. Lee"), by her attorneys, Goldberg Segalla, LLP, as and for her Answer to the Amended Complaint (the "Complaint") of Plaintiffs ZEO HEALTH LTD. ("Zeo"), MICA PORTNEY ("Mr. Portney"), TOUCHSTONE LIFE ESSENTIAL, INC. ("Touchstone"), and NORWOOD E. STONE ("Mr. Stone") (collectively, "Plaintiffs") hereby responds as follows:

**NATURE OF THE ACTION**

1.  No response is required to Paragraph 1 of the Complaint as this is a description of the action and any interpretation is for the Court. To the extent a response is required, Ms. Lee denies the allegations.

**PARTIES**

2.  Ms. Lee denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint.

2

3. Ms. Lee denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint.

4. Ms. Lee denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint.

5. Ms. Lee denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint.

6. Ms. Lee denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint.

7. Ms. Lee denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint.

8. Ms. Lee denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint.

9. Ms. Lee admits the allegation in Paragraph 9 of the Complaint that she is a citizen of New Jersey, and denies the allegation that she is "an affiliate and advisor to Zoi Global," to the extent that she understands those terms given that they are undefined in the Complaint.

10. Ms. Lee denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint.

11. Ms. Lee denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint.

12. Ms. Lee denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint.

13. Ms. Lee denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint.

14. Ms. Lee denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint.

## JURISDICTION AND VENUE

15. The allegations of Paragraph 15 of the Complaint are a legal conclusion to which no response is required. To the extent a response is required, Ms. Lee denies the allegations.

16. The allegations of Paragraph 16 of the Complaint are a legal conclusion to which no response is required. To the extent a response is required, Ms. Lee denies the allegations.

17. The allegations of Paragraph 17 of the Complaint regarding venue are a legal conclusion to which no response is required, and to the extent a response is required, Ms. Lee denies the allegations against her. With respect to the allegations of Paragraph 17 regarding the other defendants to this action, Ms. Lee denies knowledge and information sufficient to form a belief as to the truth of the allegations.

18. Ms. Lee admits only the allegations in Paragraph 18 of the Complaint that she resides in New Jersey, and that she is a "health educator." Ms. Lee denies all of the other allegations of Paragraph 18.

19. Ms. Lee admits the only allegations in Paragraph 19 of the Complaint that she is the founder and executive director of The Wellness Center of Northwest Jersey ("The Wellness Center"), and that The Wellness Center maintains a website accessible at www.thewellnesscenternwj.com, and refers the Court to the website for its contents. Ms. Lee denies all of the remaining allegations of Paragraph 19.

20. Paragraph 20 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Ms. Lee denies the allegations.

## BACKGROUND

### Plaintiffs Zeo Health and Micah Portney and Their Zeolite Pure Powder

3

21. Ms. Lee denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint.

22. Ms. Lee denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint.

23. Ms. Lee denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint.

24. Ms. Lee denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint.

### **Plaintiffs Touchstone Essentials and Eddie Stone and Their Pure Body Extra Strength Zeolite Detoxifier**

25. Ms. Lee denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint.

26. Ms. Lee denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint.

27. Ms. Lee denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint.

28. Ms. Lee denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint.

### **Defendants and Zoi Clear Drops Liquid Zeolite**

29. Ms. Lee denies all of the allegations of conduct or statements attributed to her in Paragraph 29 of the Complaint, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

30. Ms. Lee admits only the allegations in Paragraph 30 of the Complaint that she is the founder and executive director of The Wellness Center of Northwest Jersey ("The Wellness

Center"), and that The Wellness Center maintains a website accessible at www.thewellnesscenternwj.com, and refers the Court to the website for its contents. Ms. Lee denies all of the remaining allegations of Paragraph 30.

31. Ms. Lee denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the Complaint.

32. Ms. Lee denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Complaint.

33. Ms. Lee denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 33 of the Complaint.

34. Ms. Lee denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of the Complaint.

35. Ms. Lee denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the Complaint.

36. Ms. Lee denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 36 of the Complaint.

**Defendants' False and Misleading Statements Regarding Zeo Health, Micah Portney, and Zeolite Pure Powder**

37. Ms. Lee admits only that she appears on the website for The Wellness Center and that she has social media accounts, but denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 37 of the Complaint.

38. Ms. Lee denies all of the allegations of conduct or statements attributed to her in Paragraph 38 of the Complaint, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

39. Ms. Lee denies all of the allegations of conduct or statements attributed to her in Paragraph 39 of the Complaint, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

40. Ms. Lee denies all of the allegations of conduct or statements attributed to her in Paragraph 40 of the Complaint, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

41. Ms. Lee denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 41 of the Complaint.

42. Ms. Lee denies all of the allegations of conduct or statements attributed to her in Paragraph 42 of the Complaint, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

43. Ms. Lee denies all of the allegations of conduct or statements attributed to her in Paragraph 43 of the Complaint, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

44. Ms. Lee denies making any of the statements described in Paragraph 44 of the Complaint, and denies knowledge and information knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 44 of the Complaint.

**Defendants' False and Misleading Statements Regarding Touchstone Essentials, Eddie Stone, and Pure Body Extra Strength**

45. Ms. Lee denies all of the allegations of conduct or statements attributed to her in Paragraph 45 of the Complaint, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

46. Ms. Lee denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 46 of the Complaint.

47. Ms. Lee denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 47 of the Complaint.

48. Ms. Lee denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 48 of the Complaint.

49. Ms. Lee denies all of the allegations of conduct or statements attributed to her in Paragraph 49 of the Complaint, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

50. Ms. Lee denies all of the allegations of conduct or statements attributed to her in Paragraph 50 of the Complaint, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

51. Ms. Lee denies all of the allegations of conduct or statements attributed to her in Paragraph 51 of the Complaint, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

52. Ms. Lee denies the allegations of Paragraph 52 of the Complaint that are made against her, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other defendants.

53. Ms. Lee denies the allegations of Paragraph 53 of the Complaint that are made against her, denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations.

**Defendants' Additional False and Misleading Statements Plaintiffs As Retaliation for Filing This Lawsuit**

54. Ms. Lee denies the allegations of Paragraph 54 of the Complaint as against her, and denies knowledge and information sufficient to form a belief as to the truth of the allegations as to the other defendants.

55. Ms. Lee denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 55 of the Complaint.

56. Ms. Lee denies all of the allegations of conduct or statements attributed to her in Paragraph 56 of the Complaint, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

57. Ms. Lee denies all of the allegations of conduct or statements attributed to her in Paragraph 57 of the Complaint, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

## COUNT ONE
## FALSE ADVERTISING UNDER THE LANHAM ACT

58. Ms. Lee incorporates by reference all of her responses to all of the allegations set forth in paragraphs 1-57 herein.

59. Ms. Lee denies all of the allegations of conduct or statements attributed to her in Paragraph 59 of the Complaint, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

60. Ms. Lee denies all of the allegations of conduct or statements attributed to her in Paragraph 60 of the Complaint, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

61. Ms. Lee denies all of the allegations of conduct or statements attributed to her in Paragraph 61 of the Complaint, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

62. Ms. Lee denies all of the allegations of conduct or statements attributed to her in Paragraph 62 of the Complaint, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

63. Ms. Lee denies all of the allegations of conduct or statements attributed to her in Paragraph 63 of the Complaint, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

64. Ms. Lee denies all of the allegations of conduct or statements attributed to her in Paragraph 60 of the Complaint, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

65. Paragraph 65 of the Complaint asserts a legal conclusion for which no response is required. To the extent a response is required, Ms. Lee denies the allegations.

66. Paragraph 66 of the Complaint asserts a legal conclusion for which no response is required. To the extent a response is required, Ms. Lee denies the allegations.

## COUNT TWO
## DEFAMATION OF ZEO HEALTH LTD. UNDER NEW JERSEY LAW

67. Ms. Lee incorporates by reference all of her responses to all of the allegations set forth in paragraphs 1-66 herein.

68. Ms. Lee denies all of the allegations of conduct or statements attributed to her in Paragraph 68 of the Complaint, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

69. Ms. Lee denies all of the allegations of conduct or statements attributed to her in Paragraph 69 of the Complaint, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

70. Ms. Lee denies all of the allegations of conduct or statements attributed to her in Paragraph 70 of the Complaint, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

71. Ms. Lee denies all of the allegations of conduct or statements attributed to her in Paragraph 71 of the Complaint, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

72. Ms. Lee denies all of the allegations of conduct or statements attributed to her in Paragraph 72 of the Complaint, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

73. Paragraphs 73 of the Complaints consists of legal conclusions that do not require a response. To the extent a response is required, Ms. Lee denies all of the allegations of conduct or statements attributed to her, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

74. Paragraphs 74 of the Complaints consists of legal conclusions that do not require a response. To the extent a response is required, Ms. Lee denies all of the allegations of conduct or statements attributed to her, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

**COUNT THREE**
**DEFAMATION OF MICAH PORTNEY UNDER NEW JERSEY LAW**

75. Ms. Lee incorporates by reference all of her responses to all of the allegations set forth in paragraphs 1-74 herein.

76. Ms. Lee denies all of the allegations of conduct or statements attributed to her in Paragraph 76 of the Complaint, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

77. Ms. Lee denies all of the allegations of conduct or statements attributed to her in Paragraph 77 of the Complaint, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

78. Ms. Lee denies all of the allegations of conduct or statements attributed to her in Paragraph 78 of the Complaint, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

79. Ms. Lee denies all of the allegations of conduct or statements attributed to her in Paragraph 79 of the Complaint, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

80. Paragraphs 80 of the Complaints consists of legal conclusions that do not require a response. To the extent a response is required, Ms. Lee denies all of the allegations of conduct or statements attributed to her, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

81. Paragraphs 81 of the Complaints consists of legal conclusions that do not require a response. To the extent a response is required, Ms. Lee denies all of the allegations of conduct or statements attributed to her, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

82. Paragraphs 82 of the Complaints consists of legal conclusions that do not require a response. To the extent a response is required, Ms. Lee denies all of the allegations of conduct or statements attributed to her, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

## COUNT FOUR
## DEFAMATION OF TOUCHSTONE ESSENTIALS UNDER NEW JERSEY LAW

83. Ms. Lee incorporates by reference all of her responses to all of the allegations set forth in paragraphs 1-82 herein.

84. Ms. Lee denies all of the allegations of conduct or statements attributed to her in Paragraph 84 of the Complaint, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

85. Ms. Lee denies all of the allegations of conduct or statements attributed to her in Paragraph 85 of the Complaint, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

86. Ms. Lee denies all of the allegations of conduct or statements attributed to her in Paragraph 86 of the Complaint, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

87. Ms. Lee denies all of the allegations of conduct or statements attributed to her in Paragraph 87 of the Complaint, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

88. Paragraphs 88 of the Complaints consists of legal conclusions that do not require a response. To the extent a response is required, Ms. Lee denies all of the allegations of conduct or statements attributed to her, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

89. Paragraphs 89 of the Complaints consists of legal conclusions that do not require a response. To the extent a response is required, Ms. Lee denies all of the allegations of conduct or statements attributed to her, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

90. Paragraphs 90 of the Complaints consists of legal conclusions that do not require a response. To the extent a response is required, Ms. Lee denies all of the allegations of conduct or statements attributed to her, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

## COUNT FIVE
## <u>DEFAMATION OF EDDIE STONE UNDER NEW JERSEY LAW</u>

91. Ms. Lee incorporates by reference all of her responses to all of the allegations set forth in paragraphs 1-91 herein.

92. Ms. Lee denies all of the allegations of conduct or statements attributed to her in Paragraph 92 of the Complaint, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

93. Ms. Lee denies all of the allegations of conduct or statements attributed to her in Paragraph 93 of the Complaint, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

94. Ms. Lee denies all of the allegations of conduct or statements attributed to her in Paragraph 94 of the Complaint, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

95. Ms. Lee denies all of the allegations of conduct or statements attributed to her in Paragraph 95 of the Complaint, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

96. Paragraphs 96 of the Complaints consists of legal conclusions that do not require a response. To the extent a response is required, Ms. Lee denies all of the allegations of conduct or statements attributed to her, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

97. Paragraphs 97 of the Complaints consists of legal conclusions that do not require a response. To the extent a response is required, Ms. Lee denies all of the allegations of conduct or statements attributed to her, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

98. Paragraphs 98 of the Complaints consists of legal conclusions that do not require a response. To the extent a response is required, Ms. Lee denies all of the allegations of conduct or statements attributed to her, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

## COUNT SIX
## PRODUCT DISPARAGEMENT UNDER NEW JERSEY LAW

99. Ms. Lee incorporates by reference all of her responses to all of the allegations set forth in paragraphs 1-98 herein.

100. Ms. Lee denies all of the allegations of conduct or statements attributed to her in Paragraph 100 of the Complaint, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

101. Ms. Lee denies all of the allegations of conduct or statements attributed to her in Paragraph 101 of the Complaint, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

102. Ms. Lee denies all of the allegations of conduct or statements attributed to her in Paragraph 102 of the Complaint, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

103. Ms. Lee denies all of the allegations of conduct or statements attributed to her in Paragraph 103 of the Complaint, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

104. Ms. Lee denies all of the allegations of conduct or statements attributed to her in Paragraph 104 of the Complaint, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

32421775.v3

105. Ms. Lee denies all of the allegations of conduct or statements attributed to her in Paragraph 105 of the Complaint, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

106. Ms. Lee denies all of the allegations of conduct or statements attributed to her in Paragraph 106 of the Complaint, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

107. Paragraphs 107 of the Complaints consists of legal conclusions that do not require a response. To the extent a response is required, Ms. Lee denies all of the allegations of conduct or statements attributed to her, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

## COUNT SEVEN
## UNFAIR COMPETITION UNDER NEW JERSEY LAW

108. Ms. Lee incorporates by reference all of her responses to all of the allegations set forth in paragraphs 1-107 herein.

109. Ms. Lee denies all of the allegations of conduct or statements attributed to her in Paragraph 109 of the Complaint, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

110. Ms. Lee denies all of the allegations of conduct or statements attributed to her in Paragraph 110 of the Complaint, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

111. Ms. Lee denies all of the allegations of conduct or statements attributed to her in Paragraph 111 of the Complaint, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

32421775.v3

112. Ms. Lee denies all of the allegations of conduct or statements attributed to her in Paragraph 112 of the Complaint, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

113. Paragraphs 113 of the Complaints consists of legal conclusions that do not require a response. To the extent a response is required, Ms. Lee denies all of the allegations of conduct or statements attributed to her, and denies knowledge and information sufficient to form a belief as to the truth of the allegations against the other Defendants.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

114. Plaintiffs fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

115. Plaintiffs' claims are barred by the doctrines of waiver, unclean hands, laches, and/or estoppel.

### Third Affirmative Defense

116. Plaintiffs' claims are barred because any alleged statements made by Ms. Lee regarding Plaintiffs were true.

### Fourth Affirmative Defense

117. Plaintiffs' claims are barred because any alleged statements made by Ms. Lee regarding Plaintiffs were matters of opinion.

### Fifth Affirmative Defense

118. Plaintiffs' claims are barred because any alleged statements made by Ms. Lee regarding Plaintiffs are protected by an absolute privilege.

### Sixth Affirmative Defense

119.  Plaintiffs' claims are barred because any alleged statements made by Ms. Lee regarding Plaintiffs are protected by a qualified privilege.

### Seventh Affirmative Defense

120.  Plaintiffs' fail to state a claim against Ms. Lee premised on her participation in the conduct of any other defendant must be dismissed, because she exercised no control over, and had no legal right or duty to control, the actions or statements of any other party.

### Eighth Affirmative Defense

121.  No action or statement attributable to Ms. Lee caused or proximately caused any damage to Plaintiffs.

### Ninth Affirmative Defense

122.  Any damages suffered by Plaintiffs are a result of their own conduct.

### Tenth Affirmative Defense

123.  Plaintiffs' claims are barred for failure to mitigate their damages.

### Eleventh Affirmative Defense

124.  Plaintiffs are not entitled equitable relief, as they have an adequate remedy at law.

### Twelfth Affirmative Defense

125.  Plaintiffs' claims may be barred in whole or in part by the applicable statutes of limitations.

### Thirteenth Affirmative Defense

126.  Plaintiff fails to state a claim entitling them to attorneys' fees, interest, or costs.

### Fourteenth Affirmative Defense

127.  Ms. Lee has at all times acted in good faith and Plaintiffs have suffered no actual or special harm.

### Fifteenth Affirmative Defense

128. Plaintiffs failed to properly plead malice as required.

### Sixteenth Affirmative Defense

129. Any statements or communications made by or attributable to Ms. Lee were made in good faith and without knowledge of their falsity and without malice and/or reckless disregard of the truth.

### Seventeenth Affirmative Defense

130. Any statements or communications allegedly made by or attributable to Ms. Lee were made without negligence, to the extent that negligence is deemed appropriate as an issue in this matter.

### Eighteenth Affirmative Defense

131. In the event that Ms. Lee is found liable to Plaintiffs, a liability that she denies, any recovery against her is reduced or barred by Plaintiffs' own conduct or by the conduct of other parties in accordance with the New Jersey Tortfeasor's Contribution Act, NJS 2A:53A-1, et seq.

### Nineteenth Affirmative Defense

132. Plaintiff fails to state any claim for which punitive and/or exemplary damages can be awarded.

### Twentieth Affirmative Defense

133. Ms. Lee incorporates by reference any and all other defenses raised or to be raised by any other party, except to the extent that they would impose liability on this defendant, and expressly reserves the right to amend and supplement her defenses herein to assert additional defenses upon completion of further investigation and discovery.

**WHEREFORE**, Lori R. Lee demands judgment as follows:

      a)      Dismissing the Complaint in its entirety as against Ms. Lee and awarding Ms. Lee her costs, disbursements, and reasonable attorney's fees and expenses incurred in connection with defending these claims; and

      b)      Any and all further relief the Court may deem just and proper.

Dated: Newark, New Jersey
       February 17, 2022

                                                   By:  */s/Paul S. Danner*
                                                         Paul S. Danner
                                                         GOLDBERG SEGALLA LLP
                                                        1073 Raymond Blvd., Suite 1010
                                                        Newark, New Jersey 10172
                                                         (973) 681-7000
                                                         (973) 681-7101 (fax)
                                                         pdanner@goldbergsegalla.com
                                                         *Attorneys for Defendant Lori R. Lee*

To:     All counsel (via ECF)

## **LOCAL RULE 11.2 CERTIFICATION**

PURSUANT to Local Rule 11.2, the undersigned hereby certifies that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration or administrative proceeding and no other action, arbitration or administrative proceeding is contemplated.

Dated: Newark, New Jersey
February 17, 2022

By: */s/Paul S. Danner*
Paul S. Danner
GOLDBERG SEGALLA LLP
1073 Raymond Blvd., Suite 1010
Newark, New Jersey 10172
(973) 681-7000
(973) 681-7101 (fax)
pdanner@goldbergsegalla.com
*Attorneys for Defendant Lori R. Lee*

To: All counsel (via ECF)

32421775.v3