UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZEO Health Ltd.; Micah Portney; Touchstone Life Essentials, Inc.; and Norwood E. Stone, | Civ. Action No. 21-11410 (ES)(JRA) |
| Plaintiffs, | |
| v. | OPINION |
| ZOI Global, LLC; Lori R. Lee; Denise Stephens; Metron Nutraceuticals, LLC; and Nikolaos Tsirikos-Karapanos, | |
| Defendants. | |

**Almonte, U.S.M.J.**

Plaintiffs Zeo Health Ltd., Micah Portney, Touchstone Life Essentials, Inc., and Norwood E. Stone move before the Court (1) for an extension of time to serve Defendant Zoi Global, LLC, and (2) to effectuate service via the Nevada Secretary of State. Pl.'s Mov. Br. 5, ECF No. 30–1. The Court has considered Plaintiffs' submissions and decides the motion without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the following reasons, Plaintiffs' motion is **GRANTED** with modification to the relief sought.

## BACKGROUND

On May 18, 2021, Plaintiffs filed a complaint against Defendants Zoi Global, Lori R. Lee, and Denise Stephens, alleging false and misleading advertising under the Lanham Act, defamation, product disparagement, and unfair competition in

1

violation of New Jersey law. Compl., ECF No. 1. On June 18, 2021, Plaintiffs amended the complaint and added two additional defendants, Metron Nutraceuticals, LLC, and Nikolaos Tsirikos-Karapanos. Am. Compl., ECF No. 5. Plaintiffs aver that, despite "every effort," they have not been able to serve one of the defendants—Zoi Global. Mov. Br. 7.

Zoi Global is "a New Mexico company with a principal place of business at 3900 Juan Tabo NE, Albuquerque, New Mexico, 87111" (the "New Mexico Address"). Am. Compl. ¶ 8. Zoi Global's website, however, shows a contact address of 4730 S. Fort Apache Rd. STE 300, Las Vegas, Nevada (the "Las Vegas Address"). Mov. Br. 2. Nevada's Business Portal, SilverFlume, identifies Zoi Global's registered agent as Trevor Rowley, also located at the same Las Vegas Address. *Id.*; *see also* Engel Decl. Ex. B, at 1. Further, Zoi Global's Chief Executive Officer ("CEO"), Denise Stephens, allegedly resides at 3923 Cross Bend Drive, Arlington, Texas. *Id.*

Plaintiffs' motion is silent on what efforts, if any, they made to serve Zoi Global in New Mexico, the company's principal place of business. Am. Compl. ¶ 8. Rather, Plaintiffs focused their efforts in Nevada, where it appears that Zoi Global is registered to conduct business, and in Texas, where it appears that Zoi Global's CEO resided at some point. Mov. Br. 2–3. Specifically, on June 24, 2021, Plaintiffs engaged Guaranteed Subpoena Service, Inc. ("Guaranteed"), a process server. Guaranteed's affidavit of due diligence illustrates that it attempted twice to serve Zoi Global through its registered agent, Mr. Rowley. Engel Decl. Ex. C. First, on July 14, 2021, Guaranteed attempted service at the Las Vegas Address, but the

2

receptionist advised that Mr. Rowley was there only once per month, and she could not provide any further information, such as when Mr. Rowley would be present. *Id*. On July 23, 2021, Guaranteed attempted service a second time, but the front desk informed the process server that Mr. Rowley was not there. *Id*. Plaintiffs also hired Spartan Detective Agency ("Spartan") to conduct a skip trace for Mr. Rowley c/o Zoi Global. Engel Decl. Ex. E. The skip trace confirmed that Zoi Global was still located at the Las Vegas Address. *Id*.[1]

Plaintiffs also attempted to serve Zoi Global's CEO, Ms. Stephens, on June 29, 2021,[2] July 31, 2021, August 2, 2021, and August 3, 2021. Mov. Br. 6–7. On June 29, 2021, Plaintiffs attempted to serve Ms. Stephens at 3923 Cross Bend Drive, Arlington, TX 76094, her apparent home address as discovered through an internet search. Engel Decl. Ex. D. The process server, however, was unsuccessful because, according to a resident of the house, Ms. Stephens was the previous owner and no longer lived there. *Id*. Plaintiffs then attempted to serve Ms. Stephens on three separate dates at a different address—3112 N. Camino Lagos, Grand Prairie, TX 75054. *Id*. All three attempts were unsuccessful, with the final attempt revealing that the house was not in fact owned by Ms. Stephens. *Id*.

---

[1] Plaintiffs allege that a skip trace was conducted for both Mr. Rowley c/o Zoi Global and Ms. Stephens, and direct the Court's attention to Exhibit E of Anya Engel's Declaration. Mov. Br. 13. Exhibit E, however, only illustrates that a skip trace was conducted on Mr. Rowley. Engel Decl. Ex. E.

[2] Although Plaintiffs state that service upon Ms. Stephens was initially attempted on June 30, 2021 (Mov. Br. 6), the Proof of Non-Service dated July 8, 2021 (Engel Decl. Ex. D) illustrates that service upon Ms. Stephens was first attempted on June 29, 2021.

The time for Plaintiffs to execute service expired on August 16, 2021. On November 12, 2021, they filed the instant motion seeking to extend the time for service of process for a thirty-day period, starting from the date of this Court's Order. Mov. Br. 11. Plaintiffs also propose to serve Zoi Global through alternative means by serving the Nevada Secretary of State. *Id.* at 11–14.

## ANALYSIS

### A. Extension of Time to Serve

Plaintiffs seek a thirty-day extension of time to serve Zoi Global. Mov. Br. 11. Rule 4(m) of the Federal Rules of Civil Procedure requires plaintiffs to serve defendants with process within ninety days after the complaint is filed. If a defendant is not served within that time, the Court must engage in a two-step inquiry to determine whether to extend the time to serve. First, the Court must determine whether "good cause exists for a plaintiff's failure to effect timely service." *See Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997); *see also Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). If good cause exists, the court must extend the time to complete service. *Boley*, 123 F.3d at 756 (citing Fed R. Civ. P. 4(m)). Second, even if good cause does not exist, the court either "must dismiss the action without prejudice against the defendant" or exercise its discretion and grant an extension of time. Fed. R. Civ. Proc. 4(m); *see also Boley*, 123 F.3d at 756 (citing *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1098 (3d Cir. 1995), *cert. denied*, 519 U.S. 815 (1996)).

In considering whether good cause exists, "a court's primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." *MCI Telecomm. Corp.*, 71 F.3d at 1097. A finding of good cause requires "[t]he plaintiff [to] show that he exercised diligence in trying to effect service." *Scipio v. Vitec Videocom*, Civ. No. 15–7776, 2017 WL 2901331, at *5 (D.N.J. July 6, 2017) (citing *Jumpp v. Jerkins*, Civ. No. 08–6268, 2010 WL 715678, at *7 (D.N.J. March 1, 2010)).

The record in this case persuades the Court that Plaintiffs have demonstrated good faith and have offered a reasonable basis for noncompliance with effectuating process. *See, e.g.*, *MCI Telecomm. Corp.*, 71 F.3d at 1097. Here, the deadline to serve expired on August 16, 2021. Plaintiffs have acted reasonably given their repeated futile attempts at serving Defendant Zoi Global. Specifically, Plaintiffs attempted service on six different occasions at three different addresses before the ninety-day deadline, and they hired a detective agency to conduct a skip trace, thereby demonstrating the diligence necessary to find good cause for an extension of time to serve. Accordingly, the Court will grant Plaintiffs an additional thirty days from the date of this Court's Order to serve Defendant Zoi Global. Plaintiffs will have until **May 13, 2022**, to serve Zoi Global.

### B. Service via the Nevada Secretary of State

Plaintiffs propose serving Defendant Zoi Global vis-à-vis the Nevada Secretary of State. Rule 4(h)(1) of the Federal Rules of Civil Procedure provides, in part, that plaintiffs may serve defendant corporations, partnerships, or unincorporated associations "in the manner prescribed by Rule 4(e)(1) for serving an individual."

Rule 4(e)(1), in turn, allows plaintiffs to effectuate service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located *or where service is made*" (emphasis added). In the instant matter, service may be made by following New Jersey law, where this district is located, or Nevada law, where Zoi Global is registered to do business and where Plaintiffs are attempting to effectuate service. *See Harbor Gates Cap., LLC v. Apotheca Biosciences, Inc.*, Civ. No. 20-0887, 2020 WL 4474487, at *1 (M.D. Fla. Aug. 4, 2020) (emphasizing that, under Rule 4(e)(1), Plaintiff could elect to serve Defendant by following state law in Florida, the state where the district court was located, or Nevada, the state where service was made). Irrespective of which state law applies, the core principle remains the same—the need for due process "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314–15 (1950).

Plaintiffs have elected to effectuate service by serving the Nevada Secretary of State; therefore, this Court must analyze Nevada's Rules of Civil Procedure ("NRCP"). *See* Fed. R. Civ. P. 4(e)(1). Under Nevada law, service may be accomplished by serving the Nevada Secretary of State, where, as here, an entity appoints a registered agent in Nevada or is registered to do business in the state. NRCP 4.2(c)(3). That, however, is not the primary method of service in Nevada. Before granting leave to serve the Nevada Secretary of State, NRCP 4.2(c)(3)(A) requires Plaintiffs to: (1) show that they made "good faith attempts to locate and

serve" Zoi Global or its registered agent, pursuant to NRCP 4.2(c)(1); (2) explain why Plaintiffs could not serve Zoi Global; and (3) list the last-known address of Zoi Global or its registered agent. *See DLJ Mortg. Cap., Inc. v. Old Rep. Title Ins. Grp., Inc.*, Civ. No. 20-cv-01662, 2021 WL 1911342, at *2 (D. Nev. Apr. 15, 2021) (granting leave to serve the defendant via the Nevada Secretary of State where the process server was unable to serve the defendant's corporate officers).

Here, the Court finds that good cause exists for Plaintiffs to serve Zoi Global through the Nevada Secretary of State. Plaintiffs have submitted proof showing that Zoi Global is registered to do business in Nevada and that Plaintiffs have been unable to serve Zoi Global as prescribed by NRCP 4.2(c)(1).[3] Mov. Br. 2; *see also* Engel Decl. Ex. B, at 1. Plaintiffs have been diligent in their efforts to locate and serve Zoi Global. For example, Spartan's affidavit of due diligence details that their skip traces are "based on the tracking of entity's social security number, once a social security number is developed." Engel Decl. Ex. E, 2. The records are then "developed through public records, consumer bureau reports, utilities, newspaper subscriptions, etc." *Id.* On September 1, 2021, Spartan's skip trace revealed that Zoi Global was still residing at 4730 S. Fort Apache Rd. STE 300, Las Vegas, NV, "with no more available information in order to further investigate." *Id.* The record reflects that Plaintiffs attempted to serve Mr. Rowley at the Las Vegas Address on July 14, 2021, and July 23, 2021, but the process server was informed that Mr. Rowley was there only "once

---

[3] Rule 4.2(c)(3) of the Nevada Rules of Civil Procedure also requires Plaintiffs to demonstrate that service cannot be made under NRCP 4.2(c)(2), before attempting service via the Nevada Secretary of State. Rule 4.2(c)(2), however, does not apply in the instant matter as there is no evidence that Zoi Global is a foreign entity.

7

a month," and was not given any further information. Engel Decl. Ex. C. Plaintiffs then made efforts to serve Zoi Global's CEO six different times. Mov. Br. 3, 6–7. Plaintiffs also have provided support of Defendant Zoi Global's last known address in Nevada and they attempted to serve Zoi Global's CEO at two different addresses in Texas. Engel Decl. Ex. D.[4]

Plaintiffs' efforts persuade this Court that they have complied with NRCP 4.2(c)(3) by (1) setting forth the facts demonstrating their good faith attempts at locating and serving Zoi Global and its registered agent, (2) explaining why service cannot be made on Zoi Global, and (3) stating the last-known address of Zoi Global's registered agent. To ensure Plaintiffs' proposal to serve the Nevada Secretary of State comports with due process, and to increase the likelihood that Zoi Global will be notified of the pendency of the action, the Court also will require Plaintiffs to attempt service of the summons and complaint at Zoi Global's Las Vegas address three additional times and attempt service of the summons and complaint at Zoi Global's New Mexico Address,[5] at least once.

---

[4] In determining whether Plaintiffs made good faith attempts to serve Zoi Global, the Court also reviewed the declaration of Anya Engel, Esq., executed on November 12, 2021 (Engel Decl., ECF No. 30–2), the declaration of Guaranteed's process server, William Rene Guzman, dated July 23, 2021 (Engel Decl. Ex. C), the affidavit of due diligence executed by Guaranteed's process server, Kurt Schedler, on July 8, 2021 (Engel Decl. Ex. D), the affidavit of due diligence executed by Kurt Schedler on August 11, 2021 (Engel Decl. Ex. D), the skip trace conducted by Spartan on September 1, 2021 (Engel Decl. Ex. E), as well as the accompanying affidavit by Spartan's licensed investigator, Joe Labbate, dated November 11, 2021. *Id.*

[5] Despite asserting that Zoi Global is a New Mexico company with a principal place of business at 3900 Juan Tabo NE, Albuquerque, New Mexico, 87111" (Am. Compl. ¶ 8), Plaintiffs' motion is silent as to their attempts to serve Defendant in New Mexico.

8

## CONCLUSION

For the foregoing reasons, the motion (ECF No. 30) is **GRANTED** with modification to the relief sought. Plaintiffs will be permitted until May 13, 2022, to serve Defendant Zoi Global via the Nevada Secretary of State. Consistent with effectuating service via the Nevada Secretary of State, the Plaintiffs shall comply with the requirements outlined in Nev. R. Civ. P. 4.2(c)(3) and any other applicable Nevada law related to service of process. Further, to increase the possibility that Zoi Global will receive notice of the suit and be afforded an opportunity to be heard, Plaintiffs shall attempt to locate and serve Zoi Global at the New Mexico Address, at least once, and attempt service three additional times at the Las Vegas Address. Plaintiffs shall also attempt service of process at any other address that becomes reasonably known to them where the Defendant may be located. In other words, if Plaintiffs are aware of the last-known address of any person listed in Rule 4.2(c)(1) of the Nevada Rules of Civil Procedure, Plaintiffs shall attempt to serve each such person at the person's last-known address. A separate Order accompanies this Opinion.

**Date: April 13, 2022**

_____
United States Magistrate Judge